*In re* JORGE L. ARROYO FERNÁNDEZ.

*Número:* 2387        *Resuelto:* 30 de junio de 1988

*Govén D. Martínez Surís*, Director de la Oficina de Inspección de Notarías; *Jorge L. Arroyo Fernández, pro se.*

PER CURIAM: Jorge L. Arroyo Fernández prestó juramento de notario el 23 de diciembre de 1964.

El 2 de febrero de 1988 el Director de la Oficina de Inspección de Notarías, Lcdo. Govén D. Martínez Surís, nos informó que el referido notario no rindió los índices notariales requeridos por la ley en el mes de mayo de 1987, el de la semana finalizada el 7 de junio y que cesó de rendirlos desde el mes de octubre de 1987 a febrero de 1988. Nos informó que el notario había dejado en manos de una empleada parcial suya un registro de afidávit sin que lo volviera a procurar. Surge, además, que el notario incurrió en las faltas siguientes:

(a) Cambió de dirección y dejó de notificarla a nuestra oficina. Tanto en sus índices notariales como en su expediente consta que la dirección del notario era Ponce de León 1550, Pda. 23, Santurce. Hace tiempo que ahí no se encuentra.

(b) No rindió el informe estadístico anual para el año 1986 que requiere la Regla 12(d) del Reglamento del Tribunal Supremo.

(c) Mudó sus protocolos sin haber solicitado el permiso de nuestra oficina.

(d) No rinde índices según explicado en el párrafo segundo. Memorando de 11 de febrero de 1988, pág. 2.

El 25 de febrero de 1988 le concedimos un término al notario para mostrar causa por la cual no deba ser disciplinado por haber incurrido en las violaciones antes reseñadas.

En su contestación, el notario admite que rindió los índices tardíamente por la alegada razón de haber quedado afectado por los problemas de salud de su esposa. Sostiene que no ha mudado su protocolo de su oficina y que no está practicando la notaría. En cuanto a la falta de no rendir el informe estadístico alega que lo envió, pero que no se recibió en la Oficina del Director de Inspección de Notarías.

En un escrito suplementario, el Director informó que por virtud de lo ordenado por este Tribunal el notario le entregó los índices notariales que faltaban. Nos comunica, además, que el notario había cedido su oficina a una agrupación religiosa y que había dejado allí sus protocolos sin la debida protección y custodia. Añade que el licenciado Arroyo Fernández no ha prestado la fianza notarial desde septiembre de 1986. Contrario a lo alegado por el notario, informa que en los meses de junio y julio otorgó cuatro (4) afidávit.

En consideración a lo expuesto, le concedimos un término adicional al notario para exponer las razones por las cuales no deba ser separado indefinidamente del ejercicio del notariado.

En contestación, el notario suplica que aceptemos su renuncia. Aparte del incidente sobre la localización, protección y custodia de su protocolo, no cuestiona las afirmaciones del Director.

Vista la naturaleza de las violaciones a la Ley Notarial de Puerto Rico, *amerita su separación del ejercicio del notariado por el periodo de un año. In re Rivera Ortiz, 117 D.P.R. 401 (1986); In re Todd Arias, 117 D.P.R. 10 (1986). Tan pronto cumpla esta sanción disciplinaria se le aceptará su renuncia al ejercicio del notariado.*

El Juez Asociado Señor Rebollo López no intervino.