*In re* MANUEL ÁLVAREZ MELÉNDEZ.

*Número:* MC-91-11          *Resuelto:* 13 de diciembre de 1991

*Jorge E. Pérez Díaz, Procurador General*, e *Ivonne Casanova Pelosi, Procuradora General Auxiliar*, en informe.

PER CURIAM: ██ Se invoca nuevamente nuestra jurisdicción disciplinaria para que sancionemos a un abogado —que se ha negado en reiteradas ocasiones a contestar los requerimientos del Procurador General y, en particular, de este Tribunal— en cuanto a una queja contra él presentada. Por la contumacia y la dejadez desplegada en su actitud, procede su suspensión indefinida del ejercicio

de la abogacía. Veamos los incidentes que justifican que se decrete la suspensión.

## I

El 31 de octubre de 1989 el Sr. Ángel Rivera Virella presentó en la Oficina del Procurador General una queja contra el Lcdo. Manuel Álvarez Meléndez. Adujo que solicitó los servicios del letrado para que le inscribiera una propiedad que había heredado a su nombre. Señaló que, a pesar de que había transcurrido aproximadamente dos (2) años, el abogado no había efectuado dicha gestión e incluso se negaba a atender sus llamadas.

A la luz de la queja presentada, al licenciado Álvarez se le cursó una carta certificada con acuse de recibo que le notificaba sobre la querella y le apercibía de que los hechos alegados podrían constituir violaciones a los Cánones 18 y 19 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX. Se le concedieron quince (15) días para que ofreciera por escrito sus reacciones.

Casi un (1) año más tarde se le cursó una segunda carta certificada con acuse de recibo y se le concedieron diez (10) días adicionales para que ofreciera su versión de los hechos. Esta vez se le apercibió de que el incumplimiento del requerimiento podría ser razón para rendir un informe de conducta profesional sobre su negativa. La comunicación fue devuelta a su remitente porque el licenciado Álvarez no la reclamó.

Así las cosas, el 17 de enero de 1991 se le envía una tercera carta al querellado en los mismos términos que la misiva anterior. Como era su costumbre ya, tampoco contestó.

Dos (2) semanas más tarde, el Procurador General le envía una cuarta comunicación, esta vez en términos mucho más enérgicos que las anteriores. Se le advirtió que tendría un término improrrogable de cinco (5) días dentro

de los cuales tendría que responder a los requerimientos del Procurador General. Quedó avisado, además, que "[s]u incomparecencia redundará en un Informe de Conducta Profesional al Tribunal Supremo de Puerto Rico sobre su negativa". Anejo IV. Tampoco respondió a este requerimiento.

El 6 de marzo de 1991 la Oficina del Procurador General rindió un informe sobre las alegaciones contra el licenciado Álvarez y el azaroso trámite que había ocurrido después de presentada la queja. Nos solicitó, además, que ordenásemos al licenciado que ofreciera su versión sobre los hechos alegados en su contra.

El 21 de marzo del año en curso, concedimos al abogado de marras un término de veinte (20) días para que, por escrito, nos brindara su punto de vista sobre los hechos alegados en la queja. Le apercibimos de que podría presentarse una querella en su contra y ordenamos la notificación de la orden personalmente. El licenciado Álvarez Meléndez hizo caso omiso a nuestra orden.

Ante la situación de dejadez, el 14 de junio del año en curso ordenamos al abogado que nos mostrara causa por la cual no debíamos suspenderlo del ejercicio de la profesión hasta que cumpliera con nuestra Orden de 21 de marzo de 1991. De acuerdo con el estilo de desidia impuesto por el licenciado Álvarez, no acató nuestra orden. El 6 de septiembre del año en curso decretamos su suspensión provisional del ejercicio de la abogacía hasta tanto acreditara su disposición de "cumplir y afrontar el trámite referente a las quejas sin ulteriores dilaciones innecesarias", según establecimos en *In re Pérez Rodríguez*, 115 D.P.R. 810, 812 (1984). Simultáneamente, le concedimos un término de veinte (20) días adicionales para que nos mostrara causa, si alguna tenía, por la cual no debía ser suspendido indefinidamente del ejercicio de la profesión. La resolución fue notificada el 9 de septiembre de 1991 a través de su padre, el Sr. Manuel Álvarez Quiñones. No obstante la resolución,

el licenciado Álvarez Meléndez no ha comparecido. Su conducta se aparta diametralmente de la que debe caracterizar a un miembro de esta profesión, particularmente en asuntos de naturaleza tan delicada como son los que activan nuestra función inherente de reglamentar la profesión legal.(1)

## II

La naturaleza de la función de abogado exige una estricta observancia de las resoluciones de este Tribunal, en especial en la jurisdicción disciplinaria. Todos los abogados tienen el deber de responder diligentemente a los requerimientos de este Tribunal y de la Oficina del Procurador General respecto a una queja presentada en su contra que esté siendo investigada. *In re Pagán Ayala*, 115 D.P.R. 814 (1984).

Independientemente de los méritos de las quejas presentadas en contra de un abogado, él tiene la obligación ineludible de responder sin demora a los requerimientos de este Tribunal. Consideramos que "[l]a indebida, irrazonable e inexcusable tardanza del querellado en formular su contestación a la querella es indicativa de una falta de respeto hacia los procedimientos del Tribunal". *In re Díaz García*, 104 D.P.R. 171, 174 (1975). La naturaleza y la importancia de sus funciones, reclaman del abogado una observancia estricta de las órdenes de los tribunales, y la voluntaria desatención de este tipo de comunicación socava nuestra función reguladora de la profesión.

En estas circunstancias, y en ausencia de una excusa válida y oportuna, *procede la suspensión indefinida del*

---

(1) Cabe señalar, que penden contra el licenciado Álvarez y contra su esposa, la licenciada Vanessa Vergne, varias quejas por violaciones a los Cánones del Código de Ética Profesional. Se celebraron vistas los días 15 y 16 de octubre del año en curso.

*Lcdo. Manuel Álvarez Meléndez del ejercicio de la abogacía.*

*Se dictará la sentencia correspondiente.*