*In re* José Salichs Martínez.

*Número:* AB-90-79    *Resuelto:* 23 de julio de 1992

*Jorge E. Pérez Díaz, Procurador General,* e *Yvonne Casanova Pelosi, Procuradora General Auxiliar,* en informe.

EL JUEZ ASOCIADO SEÑOR HERNÁNDEZ DENTON emitió la opinión del Tribunal.

PER CURIAM: Como en frecuentes ocasiones, un incidente que pudo haberse resuelto pacífica y privadamente entre un abogado y su cliente ha requerido la intervención de tres (3) de los cuatro (4) foros disciplinarios creados bajo nuestro esquema de conducta profesional. Nuevamente, una acción que hubiera merecido una mera amonestación culmina en la suspensión indefinida de un abogado por la contumacia, desinterés y falta de diligencia desplegada por él. Veamos los hechos que hoy activan nuestra jurisdicción disciplinaria.

## I

El 25 de octubre de 1986 Doña Carmen González Ramírez otorgó una escritura de compraventa ante el Lcdo. José E. Salichs Martínez, quien para esa fecha era abogado de R.G. Mortgage (institución dedicada al financiamiento hipotecario), mediante la cual adquiría un apartamento en el condominio El Duero de Hato Rey. El notario autorizante le informó a la otorgante que "los trámites de registrar la propiedad se tardarían alrededor de 2 meses", y que "tan pronto todo estuviera listo se comunicaría" con ella. Declaración Jurada de 13 de diciembre de 1990. Del expediente surge que la señora González y los vendedores pagaron

una suma de dinero el día del otorgamiento, pero no se desprende en qué concepto fueron hechos los pagos.

El licenciado Salichs no presentó la escritura en el Registro de la Propiedad en aquel momento. Después de múltiples llamadas al licenciado Salichs y ante la situación de que dos (2) años después del otorgamiento la escritura no había sido presentada en el Registro de la Propiedad, la señora González le cursó una carta solicitándole que se comunicara con ella dentro de los siguientes cinco (5) días. No recibió noticia del licenciado Salichs.

Con suma dificultad, doña Carmen se entera de que el licenciado Salichs ya no trabajaba en R.G. Mortgage y que se había mudado a otra oficina en Bayamón. Allí logró localizarlo y, al requerirle una explicación, el licenciado Salichs le contestó que como se había mudado no sabía dónde estaba la escritura porque aún tenía casos en cajas y que, inclusive, existía la posibilidad de que la copia de la escritura estuviera en su casa. Según la señora González, Salichs se comunicaría con ella cuando la localizara. Nunca lo hizo y cambió nuevamente de trabajo sin notificarlo a su clienta.

Ante esta situación, la señora González se comunicó, mediante carta, con la Comisión de Ética del Colegio de Abogados. En su misiva explicaba a la Comisión las dificultades que estaba teniendo en lograr comunicación con Salichs y, además, que éste tres (3) años después de la compraventa no había presentado la escritura en el Registro de la Propiedad a pesar de haberse comprometido a ello. Esta comunicación ocurrió en noviembre de 1989, o sea, un (1) año después de haberse dirigido por carta al licenciado Salichs.

Poco tiempo después, la Comisión de Ética del Colegio de Abogados le cursó una carta al licenciado Salichs que recogía lo alegado por la señora González, quien reconocía que "la situación planteada es una que puede resolverse sin necesidad de llegar a la radicación formal de una

querella". Carta de 14 de noviembre de 1989. Concedía al licenciado diez (10) días para contestar. El abogado no contestó.

La Comisión de Ética del Colegio de Abogados procedió, entonces, a orientar a la señora González en cuanto a la presentación de una querella. El 27 de marzo de 1990 Doña Carmen González Ramírez presentó una queja formal ante el Colegio de Abogados fundamentada en los hechos antes narrados. La Comisión de Ética del Colegio de Abogados procedió, posteriormente, a citar al licenciado Salichs a vista. Sin embargo, el querellado no compareció ni tampoco ofreció una explicación para su incomparecencia.

El Colegio de Abogados emitió entonces una resolución en la cual amonestaba al licenciado Salichs por no ofrecer contestación a la querella que contra él se había presentado y advirtió al querellado que este Tribunal ha dispuesto que no atender los reclamos de los foros disciplinarios puede constituir de por sí una violación a los cánones de ética profesional. Además, lo encontró incurso en violación al Canon 18 del Código de Ética Profesional y ordenó la preparación del informe de la Comisión para que fuera elevado a este Tribunal. El licenciado Salichs ni se inmutó.

## II

Ante esta situación, la señora González acudió a la Secretaría de este Tribunal y presentó una declaración jurada de la cual se desprendían todos los acontecimientos narrados previamente. Al licenciado Salichs le fue concedido término para contestar las imputaciones de la señora González. En esta ocasión el letrado respondió. Adujo que nunca fue informado de los procedimientos disciplinarios que se llevaron a cabo en el Colegio de Abogados y que por ello no había comparecido a los mismos.

En cuanto a los méritos de la querella, alegó que la copia certificada de la escritura estaba en el Tribunal por haberse necesitado para un procedimiento de autorización judicial y que en la Secretaría del Centro Judicial de San Juan se negaban a entregársela. Adujo, además, que él le había propuesto a la señora González que se expidiera otra copia certificada con el pago de los correspondientes aranceles y que fuese esta segunda copia la que se presentara en el Registro de la Propiedad. Finalmente, expresó que podría *"complacer los requerimientos* de la señora González Ramírez" pero que necesitaría treinta (30) días para hacer la diligencia. (Énfasis suplido.) Apéndice, pág. 1.

A la luz de la comunicación y las alegaciones del licenciado Salichs, emitimos una resolución en la cual le concedimos a la señora González Ramírez quince (15) días para que expresara sus comentarios en cuanto a lo alegado por Salichs y para que informara si ella había pagado al licenciado los aranceles de inscripción. La contestación de doña Carmen no se hizo esperar. Adujo que las comunicaciones enviadas a él sobre los procedimientos en el Colegio de Abogados fueron con acuse de recibo y que, efectivamente, ella había pagado por la inscripción de la transacción en el Registro de la Propiedad.

Tomando en consideración las inconsistencias entre las versiones ofrecidas por las partes, ordenamos al Procurador General una investigación, informe y recomendación sobre el asunto. En ese procedimiento ocurrió un incidente que constituye la máxima expresión de indiferencia y conducta irresponsable del licenciado Salichs Martínez.

El día que se tomó la declaración jurada al licenciado en la Oficina del Procurador General, el abogado prometió que durante esa misma semana presentaría la escritura en el Registro de la Propiedad y que suministraría los boletos de presentación como prueba de que la gestión se había realizado. Para sorpresa de los funcionarios de dicha oficina, Salichs Martínez dejó la escritura que genera esta

controversia en la oficina de la Procuradora General Auxiliar. El licenciado Salichs no se comunicó ni una sola vez con el Procurador General (a pesar de que de allí habían tratado de comunicarse con él) para demostrar un esfuerzo de buena fe para finalmente lograr la inscripción de la escritura. Mediante moción a esos efectos, la Procuradora General Auxiliar nos puso sobre aviso de ese acontecimiento.

Increíblemente no es sino hasta el 26 de agosto de 1991 que finalmente Salichs Martínez presenta la escritura en el Registro de la Propiedad y el 31 del mismo mes se lo comunica a la Procuradora General Auxiliar.

Después del informe de dicha oficina, que concluía que Salichs había violado los Cánones 18 y 19 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX, mediante resolución reprobamos la conducta del abogado y le apercibimos de que futuras actuaciones análogas conllevarían sanciones disciplinarias más severas. Sin embargo, esta resolución no puso fin al patrón de desinterés e irresponsabilidad del licenciado Salichs.(¹)

Mediante comunicación escrita, la señora González Ramírez nos informó que el Registrador de la Propiedad había notificado defecto al licenciado Salichs y que, por éste haber permitido que expirara el término concedido para

---

(¹) Procede señalar en este momento que el licenciado Salichs cuenta con un historial que dista mucho de ser ejemplarizante. Sólo tres (3) años después de haber sido admitido al ejercicio de la notaría comenzó a demostrar no únicamente deficiencias en su obra, sino actitudes indiferentes hacia las solicitudes del Director de la Oficina de Inspección de Notarías. En 1978 se le impuso una multa de cien (100) dólares por su negligencia como notario; en innumerables ocasiones se le concedió término para cumplir resoluciones bajo apercibimiento de sanciones disciplinarias como notario y como abogado; en octubre de 1986 fue suspendido del ejercicio de la notaría por no satisfacer la fianza notarial, y su suspensión como abogado fue solicitada por el Colegio de Abogados por no haber satisfecho su cuota de colegiación.

Posteriormente, fue reinstalado al ejercicio de la notaría y el Colegio de Abogados desistió de la suspensión por éste haber pagado la deuda que tenía con la institución. Fue suspendido nuevamente del ejercicio de la notaría por una conducta sumamente similar a la de autos. Posteriormente, fue reinstalado por haber cumplido con las órdenes de este Tribunal y por haber expresado la querellante su interés en que se archivara la queja.

corregirlo, su asiento de presentación había caducado y los derechos pagados habían sido cancelados. La querellante solicitó nuevamente la intervención de este Tribunal "para que obligue al licenciado Salichs a cumplir con su responsabilidad y se le sancione como es debido por su conducta". Carta de 22 de enero de 1992. En vista de esta comunicación, concedimos término al letrado para corregir los defectos señalados y para que nuevamente nos mostrara causa por la cual no debíamos disciplinarlo severamente. Dicha resolución fue recibida personalmente por el licenciado Salichs Martínez el 19 de febrero de 1992 y, según su estilo acostumbrado, no ha contestado. Procede su suspensión indefinida del ejercicio de la abogacía.

## III

La conducta impropia exhibida por el licenciado Salichs se manifiesta de varias maneras. No las discutiremos todas puesto que su desobediencia a los requerimientos del Procurador General y a los de este Tribunal, añadido al hecho de que retuvo el arancel de inscripción de la compraventa y aún no ha satisfecho la obligación que asumió de inscribirla, justifican su suspensión indefinida de la práctica de la abogacía. Véanse: *In re Colón Torres*, 129 D.P.R. 490 (1991); *In re Arana Arana*, 112 D.P.R. 838 (1982).

Atendamos, en primera instancia, el incumplimiento del compromiso que hiciera el licenciado Salichs de presentar la escritura de compraventa en el Registro de la Propiedad y la retención de la cuantía.

La Ley Notarial de Puerto Rico no impone al notario autorizante el deber de presentar para su inscripción las escrituras que ante él se otorguen. Sin embargo, cuando el notario se obliga a hacer la diligencia y recibe la cuantía correspondiente a los aranceles registrales tiene el deber de actuar diligentemente y conforme al citado Canon

18 del Código de Ética Profesional que requiere "del abogado defender los intereses del cliente diligentemente, desplegando en cada caso su más profundo saber y habilidad ...". La conducta del licenciado Salichs se aparta diametralmente de la norma delineada anteriormente. Su situación se agrava por el hecho de que aceptó y depositó en su cuenta personal los dineros correspondientes al arancel registral y *no realizó la gestión encomendada* dentro de un término razonable y a cabalidad.

■ En *In re Díaz García*, 104 D.P.R. 604, 608 (1976), al enfrentarnos a una situación de hechos donde el notario, entre otras faltas, se había comprometido a inscribir una escritura en el Registro de la Propiedad y omitió hacerlo a pesar de haber cobrado la cuantía correspondiente a los sellos de Rentas Internas, establecimos que:

> Constituye conducta inmoral, ilegal e impropia —contraria a los principios expuestos en el Código de Ética Profesional— las actuaciones incurridas por el querellado consistentes en haber ... omitido inscribir una escritura en el Registro de la Propiedad no obstante haber cobrado el importe correspondiente a los sellos de Rentas Internas .... Además, tal conducta afecta adversamente la reputación de la noble profesión de abogado que debemos mantener ante la sociedad, poniendo en entredicho las valiosas ejecutorias y beneficios mayores a los cuales ha contribuido históricamente.

■ Con su irresponsable conducta, el licenciado Salichs ha incumplido, además, otra disposición legal. El no atender los señalamientos del Hon. Registrador de la Propiedad en cuanto a los documentos que hacían falta y dejar que el asiento caducara, no sólo corrobora su ya acostumbrado estilo de menosprecio a los requerimientos y necesidades de su clienta y a los apercibimientos de este Foro, sino que es contrario al Art. 63 de nuestra Ley Hipotecaria y del Registro de la Propiedad, 30 L.P.R.A. sec. 2266. El mismo dispone que el notario que cometa alguna omisión que le impida el acceso al Registro a un documento lo "sub-

sanará prontamente, al ser requerido, extendiendo a su costo un nuevo documento, si fuese posible e indemnizando en todo caso a los interesados de los perjuicios que les ocasionen su falta". 30 L.P.R.A. sec. 2266. Véase P. Malavet Vega, *Manual de Derecho Notarial Puertorriqueño*, Santo Domingo, Ed. Corripio, 1988, pág. 43.

■ Entendemos, además, que haber cobrado los aranceles registrales sin llevar a cabo la gestión a la cual se obligó resulta altamente censurable. Recordemos que en *In re Merino Quiñones*, 115 D.P.R. 812, 813 (1984), establecimos en cuanto a la práctica de no cancelar los sellos de Rentas Internas en el momento de la autorización y otorgación del documento, no obstante el cliente haber satisfecho el importe de la misma, que esto "podría inclusive resultar en la configuración de un delito de apropiación ilegal". Véase, además, *In re Colón Muñoz*, 131 D.P.R. 121 (1992). Igual razonamiento es de aplicación en el caso en que un notario se obliga a presentar para su inscripción una escritura en el Registro de la Propiedad y recibe de su cliente el importe de los derechos de inscripción y luego no la presenta oportunamente, pero retiene los fondos adelantados. Al no realizar completamente la gestión encomendada dentro de un término razonable, el Lcdo. José Salichs ha incurrido en esta deplorable falta ética y merece una sanción severa.

## IV

■ Además de esta conducta, el licenciado Salichs se ha negado a cumplir con nuestra Resolución de 14 de febrero de 1992 mediante la cual le concedimos un término para corregir los defectos notificados por el Registrador de la Propiedad y le ordenamos que nos mostrara la causa por la cual no debía ser disciplinado severamente, a pesar de haber sido notificado de la misma personalmente. Esta

conducta exhibida por múltiples miembros de la profesión legal, a pesar de haber sido objeto de severas sanciones, no nos sorprende. "Con demasiada frecuencia innumerables miembros de la profesión arriesgan sus títulos con la actitud de dejadez y desidia que demuestran." *In re Colón Torres*, supra, pág. 494. Este desinterés y falta de respeto por los pronunciamientos de este Tribunal denota, además del historial previo del licenciado Salichs, una actitud que no tiene cabida en la profesión legal puertorriqueña. Su conducta lo hace inmerecedor de pertencer, al menos por un tiempo, a la clase togada de este país. Cuando se trasciende de la esfera disciplinaria, por el incumplimiento de las obligaciones asumidas frente al cliente, a una conducta que refleja ausencia total del respeto que el Canon 9 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX, requiere de todo abogado ante los tribunales, no podemos ser lenientes sino exigentes. El deber que impone el citado Canon 9 incluye el estricto cumplimiento de las órdenes y resoluciones de este Tribunal, sobre todo, en lo concerniente a nuestra jurisdicción disciplinaria. *In re Rosa Batista*, 122 D.P.R. 485 (1988).

El licenciado Salichs Martínez se ha caracterizado por un persistente incumplimiento de nuestras órdenes y las de la oficina del Procurador General en absoluto menosprecio de su deber de respetar las mismas. Ello ha ocurrido, tanto en relación con la queja presentada por la señora González como en lo relativo a su gestión como abogado y notario. Enfatizamos y reafirmamos que no estamos en disposición de tolerar conducta de esa naturaleza.

Por último, procede que señalemos que esta suspensión pudo haber sido evitada. Los tres (3) foros disciplinarios que intervinieron en este proceso, e incluso la propia cliente, dieron amplias oportunidades al licenciado Salichs para realizar la gestión que se comprometió a llevar a cabo. Resulta increíble, y a la vez triste, que una encomienda tan sencilla como es presentar un documento en el Registro de la Propiedad culmine en el desaforo indefinido de un

abogado. Sin embargo, en vista de la actitud del licenciado Salichs y de la necesidad de que no se burle la autoridad de este Tribunal, no hay curso decisorio alterno.

*Se decreta la suspensión indefinida del ejercicio de la abogacía del Lcdo. José Salichs Martínez y se ordena al señor Alguacil General de este Tribunal que se incaute de su obra notarial.*