*In re* JORGE ARROYO FERNÁNDEZ, querellado.

*Números:* CP-91-20          *Resueltos:* 19 de mayo de 1993
CP-91-186

*Jorge E. Pérez Díaz, Procurador General, Norma Cotti Cruz, Subprocuradora General,* e *Yvonne Casanova Pelosi, Procuradora General Auxiliar,* abogados de El Pueblo; *Antonio Arraiza Miranda* y *Mady Pacheco García, del Colegio de Abogados de Puerto Rico; Nicolás Delgado Figueroa* y *Luis Carmona Bultrón,* abogados del querellado; *Juan José Ríos Martínez, Comisionado Especial.*

PER CURIAM: Ante su repetido menosprecio por las normas que rigen el sano desempeño de la profesión legal en Puerto Rico, hoy nuevamente nos vemos en la obligación de ejercer nuestra facultad disciplinaria contra el Lcdo. Jorge Arroyo Fernández.[1] Decretamos su separación indefinida de la profesión de abogado por las razones que exponemos a continuación. Veamos.

---

[1] Mediante opinión de 30 de junio de 1988 (*In re Arroyo Fernández*, 121 D.P.R. 755 (1988)), suspendimos al querellado del ejercicio de la notaría por el periodo de un (1) año debido a su negligencia ante la responsabilidad legal de cuidar debidamente su Registro de Afidávit, rendir los correspondientes informes estadísticos, rendir sus índices notariales y notificar a este Foro cualquier cambio en la localización de su despacho.

I

Cuatro (4) quejas fueron presentadas por varios ciudadanos ante la Oficina del Hon. Procurador General en referencia a la conducta profesional desplegada por el abogado de epígrafe. En la primera, el Sr. Luis Pantojas Resto alegó haber contratado los servicios del licenciado Arroyo en relación con un procedimiento de extradición contra su hijo Alí Pantojas, con el único interés de promover que éste fuera juzgado en Puerto Rico por ciertos delitos cometidos en el estado de Florida. Alegó que el licenciado Arroyo les creó falsas expectativas en cuanto a las posibilidades de que Alí fuera juzgado en Puerto Rico, conviniendo honorarios montantes a tres mil dólares ($3,000), de los cuales dos mil dólares ($2,000) fueron satisfechos por adelantado. Alegó que, sin que ellos se lo hubieran planteado —máxime cuando su hijo se había entregado voluntariamente a las autoridades en Puerto Rico— el licenciado Arroyo presentó un hábeas corpus para impugnar la extradición alegando que el joven no era la persona reclamada por las autoridades de Florida. Finalmente, al darse cuenta de que no sería posible que se le juzgara en Puerto Rico, el acusado se sometió voluntariamente al procedimiento de extradición.

Una segunda queja fue presentada por la Sra. Ivette Olivo Rivera. Ella también contrató los servicios del licenciado Arroyo en relación con un caso de extradición, en esta ocasión de los Sres. Edgardo Olivo y Luis Burgos. Su queja también se basó en la alegación de que el licenciado Arroyo les había creado falsas expectativas sobre la posibilidad de ser juzgados en Puerto Rico y, además, les orientó erróneamente acerca de las disposiciones y los procedimientos legales pertinentes. Aquí también se alegó que el licenciado Arroyo —sin causa justificada— se proponía derrotar la extradición impugnando la identidad de los arrestados.

La tercera queja recibida fue presentada por la Sra. Laura Reus y su esposo Damián Romero. En síntesis, alegaron que el licenciado Arroyo, con el fin de lucrarse y mediante artimañas, le hizo creer a él que ella lo había contratado y a ella que lo había contratado él. Así las cosas, el licenciado redactó una moción de rebaja de fianza que fue erróneamente presentada por la señora Reus en San Juan, en vez de Carolina, alegadamente por error del abogado. Luego de darse cuenta del engaño durante una visita a su marido en la penitenciaría, la señora Reus decidió requerirle al querellado que renunciara al caso y le devolviera el dinero, pero éste se negó. Finalmente, presentada una nueva moción de rebaja de fianza en Carolina, el día de la vista ambos esposos solicitaron la renuncia del querellado, razón por la cual la vista fue suspendida. Al reclamar la devolución del pago, el licenciado Arroyo les envío una factura alegando haber trabajado diez (10) horas a razón de cien dólares ($100) por hora, para un total de mil dólares ($1,000), exactamente la misma cantidad que ellos le habían adelantado.

La cuarta queja, presentada por la estudiante Nancy Cruz no se relaciona directamente con las gestiones profesionales del querellado. En síntesis, ésta alegó haberle pagado cincuenta dólares ($50) al abogado para matricularse en unos cursos de educación paralegal que ofrecía el *Paralegal Institute* del cual Arroyo era presidente. Estos cursos nunca se ofrecieron. Ante las negativas del querellado, la quejosa presentó una demanda en cobro del dinero a través de la Clínica de Asistencia Legal de la Universidad de Puerto Rico, obteniendo una sentencia en rebeldía, la cual no había podido ser ejercutada debido a lo esquivo que se había presentado el licenciado de marras.

Luego de una investigación preliminar y ante la denotada falta de interés del querellado en responder a las quejas presentadas, el Hon. Procurador General presentó su informe ante esta Curia el 31 de octubre de 1989. El 16 de noviembre

de 1989 ordenamos al querellado que respondiera a las comunicaciones del Hon. Procurador General y requerimos su riguroso cumplimiento con los procedimientos. Habiendo mediado una contestación por parte del querellado, mediante Resolución de 7 de diciembre de 1990 instruimos al Hon. Procurador General para que presentara las querellas correspondientes.(2)

Mediante un escrito de 10 de enero de 1991, el Hon. Procurador General presento una querella en la que le imputó al licenciado Arroyo los cargos siguientes:

### PRIMER CARGO

El abogado Jorge Arroyo Fernández violó el Can[o]n 2 de Etica Profesional el cual obliga a todo abogado informarse adecuadamente del derecho aplicable a los casos bajo su consideración según resuelto en el caso *Pueblo v. Miranda Colón*, 115 D.P.R. 511 (1984)-*In re Díaz Alonso, Jr.*, 115 D.P.R. 755 (1984).

### SEGUNDO CARGO

El abogado Jorge Arroyo Fernández violó las disposiciones del Canon 5 de Etica Profesional específicamente en lo que concierne a la producción de prueba falsa ante el tribunal con pleno conocimiento de su falsedad.

### TERCER CARGO

El abogado Jorge Arroyo Fernández violó el Canon 18 de Etica Profesional el cual exige a todo abogado ejercer celo, cuidado y prudencia en su gestión.

### CUARTO CARGO

El abogado Jorge Arroyo Fernández violó el Canon 24 de Etica Profesional el cual regula el cobro de honorarios por los letrados de nuestro país según lo dispuso nuestro Honorable Tribunal Supremo en el caso *In re Díaz Lamoutte*, 106 D.P.R. 450 (1977) y el caso *López de Victoria v. Rodríguez*, 113 D .P.R. 265 (1982).

---

(2) El Juez Asociado Señor Rebollo López no intervino en los procedimientos.

## QUINTO CARGO

El abogado Jorge Arroyo Fernández violó el Canon 35 de Etica Profesional que exige la sinceridad y honradez· profesional de todo abogado según resuelto en el caso *In Re Ramos Ferrero*, 115 D.P.R. 409 (1984).

## SEXTO CARGO

El abogado Jorge Arroyo Fernández violó el Canon 38 de Etica Profesional el cual obliga a todo abogado a aportar hacia la consecución de una eficiente administración de la justicia.

## SEPTIMO CARGO

El abogado Jorge Arroyo Fernández violó el Criterio General que regula los deberes del abogado para con los tribunales específicamente donde se dispone que la buena marcha del proceso judicial del país es responsabilidad de todo miembro de la profesión legal.

## OCTAVO CARGO

El abogado Jorge Arroyo Fernández violó las disposiciones del Criterio General de los Cánones de Etica Profesional que regula los deberes del abogado para con su cliente específicamente en donde se dispone que el trato profesional de cada abogado debe ser caracterizado por la mayor capacidad, la más devota lealtad y la más completa honradez.

## NOVENO CARGO

El abogado Jorge Arroyo Fernández incumplió con la Regla 8(j) de este Honorable Tribunal lo cual obliga a todo abogado notificar al Secretario de dicho tribunal cualquier cambio en su dirección postal. Caso Núm. CP-91-20, Querella, págs. 1–4.

Examinada la querella y la contestación dada a ésta por el querellado, mediante Resolución de 1ro de marzo de 1991 nombramos al Lcdo. Juan José Ríos Martínez, ex Juez Superior, para que en presencia de las partes y en calidad de Comisionado Especial escuchara y recibiera la prueba de las partes y presentara un informe con sus conclusiones de hecho ante este Foro.

En el ínterin, el Colegio de Abogados, a través de su Comisión de Ética, presentó una segunda querella contra el licenciado Arroyo Fernández el 27 de marzo de 1991. Ésta se basó en una queja presentada por la Sra. Élida Petracci ante esa comisión, y en nuestra Resolución de 11 de octubre de 1990 autorizamos la presentación de tal querella. En síntesis, se alega que el querellado fue contratado por la quejosa para que realizara las gestiones pertinentes para la obtención de su residencia permanente en Puerto Rico, por lo cual éste cobró honorarios montantes a dos mil dólares ($2,000) sin que se realizara ninguna gestión a esos efectos. Excepto por una carta señalando su disposición de cooperar, el querellado no respondió a las comunicaciones enviadas por la Comisión ni compareció a las vistas señaladas. El querellado procuró resolver la situación mediante la devolución del dinero pagado por la señora Petracci. Ésta notificó a la Comisión acerca del acuerdo económico y manifestó su desinterés en proseguir con los procedimientos. Luego, al no poder cobrar los cheques expedidos por el querellado por falta de fondos, la señora Petracci reactivó su queja. Finalmente, la quejosa, quien residía en Puerto Rico desde 1979 y trabajaba como maestra, se vió forzada a regresar a Argentina debido a que su condición de inmigrante temporero expiró sin que hubiera obtenido su *status* de residente permanente.

La querella presentada por el Ilustre Colegio de Abogados contra el licenciado Arroyo incluye los cuatro (4) cargos siguientes:

### PRIMER CARGO

El Lcdo. Jorge Arroyo Fernández violó el Canon 18 del Código de Etica Profesional al desatender el asunto encomendado por la Sra. Elida Petracci hasta el punto de ésta, luego de haber contratado sus servicios y satisfecho sus honorarios para obtener su residencia permanente desde mayo de 1986, recibió una orden de deportación en su contra. Constituye conducta contraria a las disposiciones del Canon 18 el no realizar gestión al-

guna a favor de su cliente; la querellante se vió en la necesidad de solucionar su problema de residencia sin la ayuda de su representante legal.

## SEGUNDO CARGO

El Lcdo. Jorge Arroyo Fernández violó el Canon 19 del Código de Etica Profesional al faltar a la debida comunicación con su cliente cuando luego de contratados sus servicios profesionales y satisfechos en su totalidad sus honorarios, pasaron alrededor de seis meses sin que la Sra. Petracci conociera el status del asunto que fue encomendado al Lcdo. Arroyo Fernández.

## TERCER CARGO

El Lcdo. Jorge Arroyo Fernández violó las disposiciones del Canon 12 de los de Etica Profesional al no desplegar las debidas diligencias para asegurarse de no causar indebidas dilaciones al no recibir ó reclamar la correspondencia que se le ha cursado mediante correo certificado con acuse de recibo en cumplimiento con nuestras disposiciones reglamentarias; constituyendo esta conducta·una repetitiva y consecuente para con esta Comisión resultando en la obstaculización de la labor investigativa de la Comisión de Etica.

## CUARTO CARGO

El Lcdo. Jorge Arroyo Fernández violó el Canon 38 cuando emitió el cheque No. 728 del Citibank, Sucursal de Plaza Las Américas por la cantidad de quinientos dólares ($500.00) para complementar el pago de la estipulación entre las partes y que ponía fin a esta queja. Dicho cheque ha sido devuelto por el Banco en dos ocasiones por insuficiencia de fondos, actuación contraria al desempeño digno y honorable que debe exponer todo miembro de la profesión legal. Caso Núm. CP-91-186, Querella, págs. 2–3.

Ambas querellas fueron consolidadas. El Comisionado Especial rindió su informe el 18 de agosto de 1992 en el cual concluyó que el querellado cometió los hechos alegados en los cargos 1, 3, 4, 5, 6, 7, 8 y 9 de la querella presentada por el Hon. Procurador General. No así el cargo Núm. 2, ya que la vista de hábeas corpus nunca llegó a

celebrarse al haberse desistido de la petición en la corte abierta, razón por la cual no llegó a presentarse evidencia en la corte. Respecto a la querella presentada por el Ilustre Colegio de Abogados, concluyó el Comisionado Especial que el querellado cometió los cuatro (4) cargos formulados y, por consiguiente, violó los Cánones 12, 18, 19 y 38 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX. Tales determinaciones de hecho sostenidas por la prueba testifical y documental obrante en autos no serán alteradas por este Foro en ausencia de prejuicio, pasión o parcialidad. *In re Rivera Arvelo y Ortiz Velázquez*, 132 D.P.R. 840 (1993).

Con posterioridad al informe rendido por el Comisionado Especial, tanto el Colegio de Abogados (el 25 de agosto de 1992) como la Oficina del Procurador General (el 15 de octubre de 1992) presentaron sendos escritos ante este Tribunal, en los cuales se nos informa la litispendencia de nuevas quejas que el licenciado Arroyo Fernández no ha contestado. Por ello, el 6 de noviembre de 1992 emitimos una resolución en la cual le concedimos al licenciado Arroyo Fernández un término improrrogable de veinte (20) días para que contestara tanto los nuevos requerimientos pendientes que le había hecho el Procurador General así como el informe sobre conducta profesional que sometió ante este Tribunal el Colegio de Abogados de Puerto Rico el 25 de agosto de 1992. El 1ro de diciembre de 1992 el licenciado Arroyo Fernández compareció contestando parcialmente las querellas sometidas por varios de sus clientes y que son el objeto del informe que sometiera el Colegio de Abogados de Puerto Rico el 25 de agosto de 1992.

El 30 de diciembre de 1992 emitimos una segunda resolución en la que le concedimos al licenciado Arroyo Fernández un término de cuarenta y cinco (45) días para que contestara completamente el informe presentado por el Colegio. En esta resolución, también, le ordenamos al licenciado Arroyo Fernández que realizara las reuniones co-

rrespondientes con el Procurador General Auxiliar y que nos informara el resultado de éstas dentro del mencionado término.

Ante el incumplimiento de nuestras órdenes, el 12 de marzo de 1993 emitimos otra resolución en la cual le concedimos un término de quince (15) días para que cumpliera con nuestra Resolución de 30 de diciembre de 1992. El licenciado Arroyo Fernández no ha cumplido con nuestras órdenes.

Estando en condiciones de resolver, así lo hacemos. Regla 13(k)–(m), 4 L.P.R.A. Ap. I-A.

## II

No es necesario entrar a discutir, en detalles, la impropiedad de los actos del querellado. Incluso por alguno de éstos fue disciplinado por esta Curia.[3] Su repetida inobservancia de las normas que rigen la ética legal, así como su desidia en responder a las quejas presentadas en su contra y su incumplimiento con nuestras órdenes, demuestran su presente incapacidad de comportarse dentro de los parámetros que exige el desempeño responsable, capaz, digno y honorable de nuestra profesión. *In re Pereira Esteves*, 131 D.P.R. 515 (1992); *In re Pérez Santiago*, 131 D.P.R. 676 (1992); *Pérez v. Col. Cirujanos Dentistas de P.R.*, 131 D.P.R. 545 (1992); *Acevedo v. Compañía Telefónica de P.R.*, 102 D.P.R. 787 (1974); *In re Roldán Figueroa*, 106 D.P.R. 4 (1977). Su conducta afecta, además, la imagen que de los miembros de la profesión legal ostenta la ciudadanía. Recordemos que tales normas imponen deberes que "consti-

---

(3) El licenciado Arroyo Fernández había sido disciplinado por no notificar los cambios en la ubicación de su despacho a los organismos correspondientes (véase el esc. 1). Sobre el deber del abogado de notificar los cambios de dirección a este Foro, véase *In re Ribas Dominicci I*, 131 D.P.R. 491 (1992).

tuyen un compromiso constante para con la sociedad puertorriqueña". *In re Clavell Ruiz*, 131 D.P.R. 500 (1992).

Coincidimos con el Comisionado Especial en sus determinaciones en cuanto a que el querellado violentó en repetidas ocasiones los deberes legales impuestos por los Cánones 1, 3, 4, 5, 6, 7, 8, 9, 12, 18, 19 y 38 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX. Tal actuación y su incumplimiento con nuestras órdenes ameritan *que sea separado indefinidamente de la profesión de abogado en Puerto Rico.*

*Se dictará sentencia de conformidad.*

El Juez Asociado Señor Rebollo López no intervino.