COLEGIO DE ABOGADOS DE PUERTO RICO, querellante, *v.* DAVID AUGUSTUS COBIN, querellado.

*Número:* 3222        *Resuelto:* 8 de diciembre de 1993

*Mady Pacheco García de la Noceda*, del Colegio de Abogados de Puerto Rico.

PER CURIAM: El 18 de agosto de 1993 emitimos una resolución a los efectos siguientes:

Vista la Petición presentada por el Colegio de Abogados de Puerto Rico solicitando la Suspensión del Ejercicio de la Profe-

sión de Abogados por falta de pago de la cuota anual, se le concede al Lic. David Augustus Cobin un término de veinte (20) días, contados a partir de la notificación de esta resolución, para mostrar causa por la cual no debe ser suspendido del ejercicio de la abogacía. Se le apercibe que el incumplimiento con los términos de esta resolución conllevará la suspensión automática del ejercicio de la abogacía y podrá dar lugar a sanciones disciplinarias adicionales.

Esta resolución le fue notificada personalmente al licenciado Cobin.

Como el licenciado Cobin no compareció, mediante Resolución de 1ro de octubre de 1993 le concedimos un término final de quince (15) días para cumplir con la Orden de 18 de agosto de 1993. Se le advirtió, nuevamente, que su incumplimiento podría causar la suspensión automática del ejercicio de la abogacía. Dicha resolución le fue enviada al licenciado Cobin por correo certificado a la misma dirección donde se le había notificado personalmente la resolución anterior. El licenciado Cobin aún no ha comparecido.

Reiteradamente hemos expresado que seremos estrictos en los casos en que, luego de ser emplazados para ello, los abogados no contesten nuestras órdenes. *In re Arroyo Fernández*, 133 D.P.R. 364 (1993); *In re Pérez Benabe*, 133 D.P.R. 361 (1993); *In re Figueroa Abreu*, 130 D.P.R. 504 (1992); *In re Salichs Martínez*, 131 D.P.R. 481 (1992); *In re Colón Torres*, 129 D.P.R. 490 (1991); *In re Álvarez Meléndez*, 129 D.P.R. 495 (1991).

"La naturaleza de la función de abogado exige una estricta observancia de las resoluciones de este Tribunal, en especial en la jurisdicción disciplinaria." *In re Álvarez Meléndez*, supra, pág. 498. "Es conocido ya por todos los miembros de la clase togada que la naturaleza de su función requiere una escrupulosa atención y obediencia a las órdenes de este Tribunal, particularmente cuando de su conducta profesional se trata. Aunque parezca increíble, la necesidad de esta manifestación y la frecuencia con que

nuestras órdenes son desacatadas, la hace imperiosa. Todos los abogados tienen el deber de responder diligentemente a los requerimientos de este Tribunal respecto a una queja presentada en su contra que está siendo investigada." *In re Colón Torres*, supra, págs. 493–494, citado también por *In re Pagán Ayala*, 130 D.P.R. 678 (1992), y por *In re Bonaparte Rosaly*, 130 D.P.R. 199 (1992).

"Nuestro Tribunal no tolerará la incomprensible y obstinada negativa de un miembro de nuestro foro de cumplir con las órdenes de este Tribunal." *In re Pérez Benabe*, supra, pág. 362, citando a *In re Nicot Santana*, 130 D.P.R. 210 (1992). Claramente, el Lcdo. David Augustus Cobin no tiene interés alguno en continuar ejerciendo la abogacía en nuestro país.

Por todo lo anterior, *se suspende indefinidamente del ejercicio de la abogacía al Lcdo. David Augustus Cobin, hasta tanto acredite su disposición de cumplir rigurosamente con nuestras órdenes y con las disposiciones de la Ley Núm. 43 de 14 de mayo de 1932,*[1] *y el Tribunal disponga lo que proceda en Derecho.*

---

[1] En particular con sus Arts. 9 y 10 (4 L.P.R.A. secs. 780–781).