*In re* RAFAEL RIVERA ROSA, querellado.

*Número:* AB-94-69          *Resuelto:* 5 de mayo de 1995

*David Efrón*, querellante, *pro se*; *Rafael Rivera Rosa*, querellado, *pro se.*

PER CURIAM: En relación con una querella, debidamente juramentada, que radicara el Lcdo. David Efrón, mediante Resolución de fecha 12 de diciembre de 1994, este Tribunal le concedió, en lo pertinente, el término de quince (15) días al Lcdo. Rafael Rivera Rosa para presentar, a su requerimiento, "la prueba necesaria tanto testifical como docu-

mental para acreditar" sus alegaciones respecto a la referida querella.

El abogado Rivera Rosa *no* compareció ante este Tribunal en el término que le fuera concedido. En vista de ello, mediante Resolución de fecha 31 de marzo de 1995, expresamos y decretamos que:

El Lcdo. Rafael Rivera Rosa tendrá el *término improrrogable* de diez (10) días para cumplir —*so pena de la imposición de sanciones disciplinarias*— con nuestra Resolución de fecha 12 de diciembre de 1994.

La presente Resolución deberá ser *notificada personalmente* por el Alguacil General de este Tribunal. (Énfasis suplido.)

Dicha Resolución le fue notificada personalmente al mencionado abogado el día 6 de abril de 1995. Así las cosas, el abogado Rivera Rosa compareció ante este Tribunal —mediante escrito radicado el 18 de abril de 1995— en solicitud de un *término adicional* de diez (10) días para cumplir con la Resolución del 12 de diciembre de 1994. A la fecha de la presente Opinión Per Curiam, esto es, hoy día 5 de mayo de 1995, el abogado Rivera Rosa *no* ha cumplido con la referida Resolución.

## I

■ Hemos expresado en numerosas ocasiones que seremos sumamente estrictos en situaciones en que los abogados no contesten nuestra órdenes a pesar de haber sido emplazados para ello. *In re Arroyo Fernández*, 133 D.P.R. 364 (1993); *In re Pérez Benabe*, 133 D.P.R. 361 (1993); *In re Figueroa Abreu*, 130 D.P.R. 504 (1992); *In re Salichs Martínez*, 131 D.P.R. 481 (1992); *In re Colón Torres*, 129 D.P.R. 490 (1991); *In re Álvarez Meléndez*, 129 D.P.R. 495 (1991).

■ A esos efectos, hemos expresado que:

Es conocido ya por todos los miembros de la clase togada que la naturaleza de su función requiere una escrupulosa atención

y obediencia a las órdenes de este Tribunal, particularmente cuando de su conducta profesional se trata. Aunque parezca increíble, la necesidad de esta manifestación y la frecuencia con la que nuestras órdenes son desacatadas la hace imperiosa. Todos los abogados tienen el deber de responder diligentemente a los requerimientos de este Tribunal respecto a una queja presentada en su contra que está siendo investigada. *In re Colón Torres*, supra, págs. 493–494. Citado también por *In re Pagán Ayala*, 130 D.P.R. 678 (1992), y por *In re Bonaparte Rosaly*, 130 D.P.R. 199 (1992).

El licenciado Rivera Rosa ha demostrado una intolerable obstinación en no cumplir las órdenes de este Tribunal, por lo que es claro que no tiene interés alguno en continuar ejerciendo la abogacía en nuestro País.

Por todo lo anterior, se suspende indefinidamente del ejercicio de la abogacía al Lcdo. Rafael Rivera Rosa, hasta tanto acredite su disposición de cumplir rigurosamente con nuestras órdenes y el Tribunal disponga lo que proceda en derecho. El Alguacil General de este Tribunal deberá incautarse de la obra notarial del abogado suspendido, debiendo entregar la misma al Director de la Oficina de Inspección de Notarías para la correspondiente investigación e informe a este Tribunal.

*Se dictará la sentencia correspondiente.*