*In re* WILLIAM KNIGHT BUSTAMANTE.

*Numero:* AB-94-127          *Resuelto:* 26 de julio de 1995

*Raquel Irlanda,* Juez Administradora del Tribunal de Distrito; *William Knight Bustamante, pro se.*

PER CURIAM: Con motivo de haber asumido la representación legal de un cliente en una causa criminal ante el Tribunal de Primera Instancia, Sala de San Juan (Hon. Ygrí Rivera de Martínez, Juez Superior), el abogado William Knight Bustamante incurrió en conducta que obligó a dicha magistrado a encontrarlo incurso en desacato, siendo sentenciado dicho abogado a sufrir una pena de catorce (14) días de cárcel, sentencia que cumplió.

El día en que fue así sentenciado, *y según ello surge de la minuta que recoge los procedimientos acaecidos ante el referido foro de instancia,* el abogado Knight Bustamante aseveró y/o admitió que "tenía problemas de adicción a drogas", solicitando éste del foro de instancia que "se le brinde tratamiento" para dicha condición.

Ello motivó que el foro de instancia le ordenara "a la Administración de Corrección que traslad[ara] inmediatamente al imputado William Knight a la Administración de Salud Mental y Contra la Adicción para que el mismo [fuera] ingresado al Programa de Detoxificación con carácter de urgencia e interno". La Juez Rivera de Martínez nos notificó e informó de esta situación.

Así las cosas, la Hon. Raquel Irlanda, Juez Administradora del Tribunal de Distrito de Puerto Rico, Sala de San Juan, nos informó —mediante carta dirigida al Secretario General del Tribunal de fecha 2 de noviembre de 1994— que en ocasión de presidir la "sala de vistas preliminares" de la referida Sala de San Juan tuvo la triste experiencia de poder notar que el abogado William Knight Bustamante, al comparecer ante ella en representación de un imputado de delito, se "tambaleaba" y no podía "articular sus pensamientos"; conducta que, entre otras cosas, le hizo pensar que el referido abogado "se encontraba bajo los efectos de sustancias narcóticas".

En vista a lo anterior, mediante Resolución de fecha 2 de diciembre de 1994, le concedimos término al licenciado Knight Bustamante para que expresara lo que a bien tuviese sobre el contenido de ambas comunicaciones. A pesar del tiempo transcurrido, y no obstante habérsele concedido dos (2) prórrogas para ello, el licenciado Knight Bustamante *no* ha comparecido ante este Tribunal en cumplimiento de nuestra Resolución del 2 de diciembre de 1994.

La situación ante nuestra consideración es, cuando menos, altamente preocupante y delicada. Por un lado, este abogado ha incurrido en conducta ante los tribunales de instancia —por lo menos, en dos (2) ocasiones distintas— que prima facie tiende a demostrar que no está en condiciones o capacitado, en estos momentos, para practicar la profesión de abogado en nuestra jurisdicción.

Por otro lado, el licenciado Knight Bustamante ha incumplido crasamente, y sin excusa alguna, con la resolución que emitiéramos el 2 de diciembre de 1994, la cual tenía el propósito no sólo de ayudar a esclarecer la antes descrita situación sino de ayudarlo a él como persona y profesional.

■     Hemos expresado en numerosas ocasiones que seremos sumamente estrictos en situaciones en que los abogados no contesten nuestras órdenes a pesar de haber sido emplazados para ello. *In re Arroyo Fernández*, 133 D.P.R. 364 (1993); *In re Pérez Benabe*, 133 D.P.R. 361 (1993); *In re Salichs Martínez*, 131 D.P.R. 481 (1992); *In re Figueroa Abreu*, 130 D.P.R. 504 (1992); *In re Álvarez Meléndez*, 129 D.P.R. 495 (1991); *In re Colón Torres*, 129 D.P.R. 490 (1991).

■     A esos efectos, hemos expresado que:

Es conocido ya por todos los miembros de la clase togada que la naturaleza de su función requiere una escrupulosa atención y obediencia a las órdenes de este Tribunal, particularmente

cuando de su conducta profesional se trata. Aunque parezca increíble, la necesidad de esta manifestación y la frecuencia con que nuestras órdenes son desacatadas la hace imperiosa. Todos los abogados tienen el deber de responder diligentemente a los requerimientos de este Tribunal respecto a una queja presentada en su contra que está siendo investigada. *In re Colón Torres*, supra, págs. 493–494. Citado también por *In re Pagán Ayala*, 130 D.P.R. 678 (1992), y por *In re Bonaparte Rosaly*, 130 D.P.R. 199 (1992).

El licenciado Knight Bustamante ha demostrado una intolerable obstinación en no cumplir las órdenes de este Tribunal, por lo que es claro que no tiene interés alguno en continuar ejerciendo la abogacía en nuestro país.

Por todo lo anterior, se suspende indefinidamente del ejercicio de la abogacía al Lic. William Knight Bustamante *hasta tanto acredite su disposición de cumplir rigurosamente con nuestras órdenes y el Tribunal disponga lo que proceda en derecho en vista de su situación particular.* Habiendo sido este abogado suspendido del ejercicio de la notaría desde el 11 de mayo de 1990, no hay necesidad alguna de ordenar la incautación de sus protocolos.

*Se dictará la sentencia correspondiente.*

El Juez Presidente Señor Andréu García y los Jueces Asociados Señores Negrón García y Hernández Denton no intervinieron.