*In re* LUIS GARCÍA PAGÁN, querellado.

*Número:* 6694       *Resuelto:* 6 de diciembre de 1995

*Carlos Lugo Fiol, Procurador General,* y *Elba Evelyn Rodrí- guez Benítez, Procuradora General Auxiliar,* abogados de El Pueblo.

PER CURIAM: Nuevamente nos vemos obligados a ejercer nuestra jurisdicción disciplinaria para separar temporal- mente de la abogacía al Lcdo. Luis García Pagán en un caso en el cual él y su representante legal han ignorado nuestros múltiples requerimientos para que compareciera a exponer su posición sobre una queja en su contra. Es sorprendente que a pesar de todas las decisiones nuestras en casos análogos todavía persista la práctica de algunos abogados de arriesgar un título, obtenido después de mu- chos años de trabajo y estudio, al no contestar unas órde- nes de este Tribunal para conceder una oportunidad de exponer su versión de la conducta antiética que se le imputa.

## I

El pasado 14 de junio de 1995 emitimos una sentencia en el caso *Julián Pérez v. Serafín Wholesale Distributors*, Caso Civil Núm. RE-94-383, en la cual revocamos una resolución del tribunal de instancia que denegó la petición de relevo de sentencia. Además, dejamos sin efecto la sentencia en rebeldía emitida anteriormente por dicho tribunal porque la anotación fue ocasionada por la negligencia crasa del abogado, quien desobedeció "todos los señalamientos del tribunal, sin tener conocimiento de ello los peticionarios". En dicha sentencia expresamos que existía una declaración jurada del licenciado García Pagán en la que admitía que había incurrido en negligencia crasa en el trámite del caso en el foro de instancia.

Posteriormente, el 11 de julio de 1995, concedimos al licenciado García Pagán un término de diez (10) días para que mostrara causa por la cual no debía ser disciplinado. Una vez vencido el término, el 25 de agosto concedimos un plazo adicional a García Pagán para que contestara los requerimientos, bajo apercibimiento de sanciones disciplinarias. Para asegurar que fuera debidamente notificado se le notificó personalmente a través de las oficinas del Alguacil General.

Una vez recibe esta resolución a través de los alguaciles del Tribunal, García Pagán comparece y nos informa que no se encontraba capacitado emocionalmente para contestar la resolución en ese momento. También nos informó que el Lcdo. Luis A. Garrastegui lo representaría en los trámites disciplinarios y solicitó treinta (30) días para contestar. Poco tiempo después concedimos el término solicitado.

A la fecha de hoy, han transcurrido dos (2) meses desde nuestra última resolución y todavía ni García Pagán ni el Lcdo. Luis A. Garrastegui han comparecido.

## II

■ Hemos resuelto en muchas ocasiones que ignorar las órdenes de esta Curia conlleva sanciones disciplinarias muy severas. El incumplimiento con nuestras órdenes, a pesar de haber sido notificadas personalmente por nuestros alguaciles, denota una indiferencia y dejadez intolerable en el ejercicio de la abogacía. En decisiones anteriores hemos expresado nuestra preocupación con el incumplimiento de nuestras órdenes y hemos advertido a los abogados que seremos muy rigurosos con esta conducta tan lesiva a la abogacía. *In re Arroyo Fernández*, 133 D.P.R. 364 (1993); *In re Pérez Benabe*, 133 D.P.R. 361 (1993); *In re Figueroa Abreu*, 130 D.P.R. 504 (1992); *In re Salichs Martínez*, 131 D.P.R. 481 (1992); *In re Colón Torres*, 129 D.P.R. 490 (1991); *In re Álvarez Meléndez*, 129 D.P.R. 495 (1991).

■ Preocupados con el número de casos que hemos tenido en los que abogados que son investigados por alegadas violaciones a los cánones de ética no comparecen para exponer su posición, hemos expresado que:

> Es conocido ya por todos los miembros de la clase togada que la naturaleza de su función requiere una escrupulosa atención y obediencia a las órdenes de este Tribunal, particularmente cuando de su conducta profesional se trata. Aunque parezca increíble, la necesidad de esta manifestación y la frecuencia con la que nuestras órdenes son desacatadas la hace imperiosa. Todos los abogados tienen el deber de responder diligentemente a los requerimientos de este Tribunal respecto a una queja presentada en su contra que está siendo investigada. *In re Colón Torres*, supra, págs. 493–494. (citado también por *In re Pagán Ayala*, 130 D.P.R. 678 (1992), y por *In re Bonaparte Rosaly*, 130 D.P.R. 199 (1992).

A pesar de nuestras advertencias, todavía persiste esta práctica. Este caso es un ejemplo de que en nuestra profesión todavía hay abogados que pretenden evitar nuestras sanciones disciplinarias ignorando nuestras órdenes y es-

perando que su falta de diligencia sea olvidada en el trámite judicial.

Del historial previamente narrado se desprende que el Lcdo. Luis García Pagán ha demostrado una intolerable obstinación en incumplir con las órdenes de este Tribunal. Si, además, tomamos en consideración su negligencia crasa en los trámites del caso que origina esta querella, es claro que ni tiene interés ni ha demostrado tener la capacidad necesaria para representar responsablemente a sus clientes.

Por todo lo anterior, *se le suspende temporalmente del. ejercicio de la abogacía y la notaría hasta tanto acredite su disposición de cumplir estrictamente con las órdenes de este Tribunal y con el ordenamiento legal. El Alguacil General de este Tribunal deberá incautarse de la obra notarial del abogado suspendido y entregarla a la Oficina de la Directora de Inspección de Notarías para la correspondiente investigación e informe a este Tribunal.*

*Se dictará la sentencia correspondiente.*