per curiam:
Una vez más nos vemos forzados a ejercer nuestra facultad disciplinaria contra un miembro de la profesión legal por incumplir con los requerimientos de este Tribunal. Por los fundamentos expuestos a continua-ción, ordenamos la suspensión inmediata e indefinida del Ledo. Alberto Guerrero Ledesma del ejercicio de la abogacía.
I
El licenciado Guerrero Ledesma fue admitido al ejercicio de la abogacía el 9 de enero de 1970 y al de la notaría el 31 de marzo de ese mismo año. El 25 de enero de 1988 autorizamos su renuncia voluntaria al ejercicio de la notaría.
El 7 de agosto de 2012, la Sra. Nicolasa Tobar presentó una queja contra el licenciado Guerrero Ledesma. El 26 de noviembre de 2012, la Subsecretaria del Tribunal Supremo envió al abogado una carta certificada, en la que le requirió que contestara la queja. El correo devolvió la carta por la razón siguiente: “Unclaimed”. El 20 de marzo de 2013, la Subsecretaría de este Tribunal cursó una segunda notifica-ción al letrado, con copia de la queja. Le informó que el *239 correo devolvió la primera carta y le concedió un término de diez días para que compareciera por escrito con sus co-mentarios y reacciones sobre este asunto. Además, le ins-truyó que notificara su contestación a la quejosa y que nos certificara dicha notificación. El correo devolvió la carta por la razón siguiente: “Attempted not known”.
Así las cosas, el 18 de junio de 2013 le notificamos una Resolución en la que le concedimos un término final de diez días para contestar la queja de referencia. Le apercibimos de que su incumplimiento con los términos de esta Resolu-ción podría conllevar sanciones disciplinarias severas, como la suspensión automática del ejercicio de la abogacía. El correo no devolvió esta notificación. Sin embargo, aún hoy el licenciado Guerrero Ledesma no ha comparecido.
II
Todo abogado tiene la obligación de atender y cumplir diligentemente con los requerimientos y las órdenes de este Tribunal relativos a su conducta profesional. In re Irizarry Colón, 189 DPR 913 (2013); In re Fiel Martínez, 180 DPR 426, 430 (2010). No hacerlo constituye una violación al Canon 9 del Código de Ética Profesional, que establece que “[e]l abogado debe observar para con los tribunales una conducta que se caracterice por el mayor respeto”. 4 LPRA Ap. IX. Véanse, además: In re Feliciano Jiménez, 176 DPR 234 (2009); In re Salichs Martínez, 131 DPR 481, 490 (1992).
Consecuentemente, cuando un letrado ignora nuestros requerimientos y apercibimientos de sanciones disciplinarias, procede su suspensión inmediata e indefinida del ejercicio de la profesión. In re Montes Díaz, 184 DPR 90, 94-95 (2011); In re Feliciano Jiménez, supra. Ello tiene particular importancia cuando se trata de un proceso disciplinario, pues está en entredicho su conducta *240 profesional. Véase In re Morales Rodríguez, 179 DPR 766 (2010).
Como hemos reiterado, este Tribunal no tolerará la actitud de indiferencia por parte de un miembro de nuestra profesión ante nuestras órdenes. In re López González, 189 DPR 581 (2013).
III
El licenciado Guerrero Ledesma no cumplió con nuestra Resolución de 18 de junio de 2013, en la que le concedimos un término final de diez días para contestar la queja. Esto a pesar de que le apercibimos en cuanto a que su incum-plimiento podría conllevar sanciones tan graves como la suspensión del ejercicio de la profesión.
Indudablemente, la actitud del licenciado Guerrero Le-desma denota indiferencia a nuestras órdenes, lo cual constituye una violación a su deber ético de observar una conducta caracterizada por el mayor respeto hacia los tribunales.
Por todo lo anterior, se suspende inmediata e indefinida-mente al Ledo. Alberto Guerrero Ledesma del ejercicio de la abogacía. El licenciado deberá notificar a todos sus clientes de su inhabilidad de seguir representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realiza-dos e informar oportunamente de su suspensión indefinida a los foros judiciales y administrativos en los que tenga algún caso pendiente. Estas gestiones deberán certificarse a este Tribunal dentro del término de treinta días a partir de la notificación de esta Opinión y Sentencia.

Se dictará Sentencia de conformidad.