EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | Queja |
| | 2004 TSPR 189 |
| Carlos R. Ortiz Álvarez | 163 DPR _____ |

Número del Caso: AB-2003-260

Fecha: 8 de noviembre de 2004

Oficina del Procurador General:

Lcda. Noemí Rivera de León
Procuradora General Auxiliar

Materia: Conducta Profesional
(La suspensión será efectiva el 18 de noviembre
de 2004 fecha en que se le notificó al abogado de su
suspensión inmediata.)

Este documento constituye un documento oficial del Tribunal
Supremo que está sujeto a los cambios y correcciones del
proceso de compilación y publicación oficial de las decisiones
del Tribunal. Su distribución electrónica se hace como un
servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re*

Carlos R. Ortiz Álvarez

                         AB-2003-260

PER CURIAM

San Juan, Puerto Rico, a 8 de noviembre de 2004

Una vez más nos enfrentamos a la actitud displicente de un miembro de la clase togada de nuestro País que ha optado por ignorar los requerimientos que, con relación a una queja, ha hecho el Procurador General de Puerto Rico. Reiteramos nuestro rechazo a este patrón de dejadez e indiferencia hacia las comunicaciones relacionadas con investigaciones disciplinarias y advertimos que no vacilaremos al imponer sanciones severas a aquellos abogados que continúen observando dicho comportamiento.

I

El 1 de diciembre de 2003 la Juez Gladys Torregrosa De la Rosa, del Tribunal de Primera

Instancia, Sala Superior de Aguadilla, nos remitió copia de varios documentos relacionados con el caso <u>Alicea Soto</u> v. <u>SMC, Inc</u>, ADP2000-0184, para que nos expresáramos sobre una posible violación a los Cánones de Ética Profesional por parte del Lcdo. Carlos R. Ortiz Álvarez.[1] Luego de examinar los referidos documentos, mediante Resolución emitida el 20 de febrero de 2004, <u>referimos el asunto</u> a la Oficina del Procurador General para que realizara la investigación e informe correspondiente.

Así las cosas, el Procurador General de Puerto Rico nos informó que el Lcdo. Carlos R.Ortiz Álvarez no ha contestado el requerimiento hecho por su Oficina a los fines de que se expresara con relación a la queja presentada.[2] Asimismo, nos informó que había remitido copia del expediente de la queja al Hon. Pedro G. Goyco Amador, Fiscal General de Puerto Rico, para que éste investigara la posible comisión de delito por parte del querellado en vista de la seriedad de los hechos que se le imputan al Lcdo. Ortiz Alvarez.[3]

---

[1] Éste fue admitido por este Tribunal al ejercicio de la abogacía el 6 de junio de 1983 y al del notariado el 19 de julio de 1983.

[2] Mediante Informe de fecha 21 de abril de 2004.

[3] En vista de ello, nos solicitó que paralizáramos la queja de epígrafe hasta que la Oficina del Fiscal General realizara su investigación. Luego de un ponderado <u>análisis de los hechos</u> de este caso, resolvemos que no procede la paralización solicitada. Ello considerando que el Lcdo. Ortiz Álvarez ha infringido una de las normas fundamentales que rigen los procedimientos disciplinarios: ha ignorado
(Continúa . . .)

## II

En reiteradas ocasiones hemos expresado que la naturaleza pública de la profesión de abogado impone a la clase togada la más estricta observancia a los requerimientos relacionados con las investigaciones sobre asuntos disciplinarios. *In re Pérez Brasa*, res. el 10 de diciembre de 2001, 2002 T.S.P.R. 46; *In re Lassalle Pérez*, res. el 16 de febrero de 2001, 2001 T.S.P.R. 15; *In re Ríos Acosta I*, 143 D.P.R. 128, 135 (1997). Asimismo, hemos destacado la importancia de la función investigativa que realiza la Oficina del Procurador General de Puerto Rico con relación a las quejas referentes a posibles violaciones a los Cánones de Ética Profesional. *In re Albizu*, 136 D.P.R. 126, 132 (1994).

Como es sabido, la Oficina del Procurador General de Puerto Rico desempeña un papel de suma importancia en el descargo de nuestra facultad de reglamentar la profesión de abogado. *In re Pagán Ayala*, 115 D.P.R. 814, 816 (1984). Una de las funciones principales de dicha Oficina es la de investigar las quejas sobre posibles violaciones a los Cánones de Ética Profesional por parte de los miembros de la profesión legal, ya sean estas investigaciones ordenadas por este Tribunal o producto de quejas de ciudadanos que directamente acuden ante dicho funcionario. *Ibíd.*

---

los requerimientos del Procurador General, los cuales fueron realizados por este funcionario a instancia nuestra.

Como norma general, al realizar estas investigaciones el Procurador General se comunica con el abogado en cuestión a los fines de requerirle que se exprese respecto a la queja presentada. Sobre este particular, hemos sido enfáticos al resolver que "la pronta y responsable atención por parte de los abogados a esta clase de comunicaciones provenientes de la Oficina del Procurador General de Puerto Rico es de vital y necesaria importancia en relación con nuestra función de reglamentar la profesión." *Ibíd*. Asimismo, hemos expresado que la Oficina del Procurador General constituye el 'brazo investigativo' de este Tribunal en casos de conducta profesional y que la voluntaria y temeraria desatención de los abogados a esta clase de comunicación tiene el mismo efecto disruptivo en nuestra función reguladora de la profesión que cuando se desatiende una orden emitida directamente por este Tribunal.

A tono con lo anterior, hemos sido enérgicos al puntualizar que no dudaremos en suspender del ejercicio de la abogacía a aquellos abogados que <u>sin una oportuna excusa válida</u> incumplan los requerimientos del Procurador General de Puerto Rico respecto a una investigación de una queja presentada en su contra. En ese sentido, es importante reiterar que, independientemente de los méritos de las quejas presentadas en contra de un abogado, éste tiene la <u>obligación ineludible</u> de responder sin demora a los requerimientos de la Oficina del Procurador. *In re* Pérez

Brasa, ante; *In re Ríos Acosta I*, ante, a la pág. 135; *In re Izquierdo*, 126 D.P.R. 202, 205 (1990). Tal y como hemos señalado anteriormente, el ignorar estos requerimientos constituye una falta ética separada y distinta a los méritos de la queja, que conlleva la imposición de sanciones disciplinarias severas. *Ibíd*. Véase, además: *In re Oquendo Carrasquillo*, 117 D.P.R. 417, 418 (1986); *In re Izquierdo*, ante, a la pág. 205; *In re Álvarez Meléndez*, 129 D.P.R. 495, 498 (1991).

III

La actitud de dejadez y desidia demostrada por el abogado Carlos R. Ortiz Álvarez ante la comunicación cursada por el Procurador General no puede, de forma alguna, ser avalada ni tolerada por este Tribunal. Su conducta revela una gran fisura del buen carácter que debe exhibir todo miembro de la profesión legal. Dicho proceder constituye un acto de indisciplina, falta de respeto y contumacia hacia los procesos disciplinarios que, definitivamente, no estamos dispuestos a tolerar.

Por los fundamentos antes expresados, se decreta la suspensión indefinida e inmediata de Carlos R. Ortiz Álvarez del ejercicio de la abogacía en nuestra jurisdicción.[4]

---

[4] Debe señalarse que existen dos quejas adicionales, en etapa de investigación, en las cuales se le imputa al Lcdo. Ortiz Álvarez la supuesta comisión de hechos graves, análogos a los del presente caso, que de ser probadas

(Continúa . . .)

Se dictará Sentencia de conformidad.

_____

conllevarían la separación permanente de éste del ejercicio de la profesión de abogado.

Nos referimos a los casos AB-2003-60 y AB-2004-96, constancia de los cuales deberán ser unidas al expediente personal del querellado. El Procurador General deberá mantenernos informados del resultado de las investigaciones que, actualmente, lleva a cabo el Fiscal General de Puerto Rico en relación con los mismos.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re*

Carlos R. Ortiz Álvarez

AB-2003-260

SENTENCIA

San Juan, Puerto Rico, a 8 de noviembre de 2004

Por los fundamentos expuestos en la Opinión Per Curiam que antecede, la cual se hace formar parte integra de la presente, se dicta Sentencia decretando la suspensión, indefinida e inmediata, de Carlos R. Ortiz Álvarez al ejercicio de la abogacía en nuestra jurisdicción. Le imponemos a éste el deber de notificar a todos sus clientes de su presente inhabilidad de seguir representándolos y les devuelva cualesquiera honorarios recibidos por trabajos no realizados. Deberá, además, informar de su suspensión a los distintos foros judiciales y administrativos del País y certificarnos dentro del término de treinta (30) días desde de su notificación el cumplimiento de estos deberes. Tendrá también que notificar al Procurador General de Puerto Rico.

La Oficina del Alguacil de este Tribunal procederá, de inmediato, a incautarse de la obra notarial de Carlos R. Ortiz Álvarez, incluyendo su sello notarial. Luego, entregará la misma a la Oficina de Inspección de Notarías para el correspondiente examen e informe a este Tribunal.

Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Fuster Berlingeri no intervino. El Juez Asociado señor Rivera Pérez no interviene.


                              Patricia Otón Olivieri
                          Secretaria del Tribunal Supremo