EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re<br><br>Lcda. María Milagros Charbonier<br>      Laureano<br>Lcdo. Thomas Rivera Schatz<br>Lcdo. Aníbal Vega Borges | 2006 TSPR 42<br><br>167 DPR _____ |
|---|---|

Número del Caso: AB-2004-248

Fecha: 24 de marzo de 2006

Abogados de los Querellados:

                Lcdo. Antonio M. Sagardía De Jesús
                Lcdo. Harry N. Padilla Martínez

Oficina del Procurador General:

                Lcda. Mariana D. Negrón Vargas
                Subprocuradora General

Materia: Conducta Profesional

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re

Lcda. María Milagros Charbonier
        Laureano
Lcdo. Thomas Rivera Schatz
Lcdo. Aníbal Vega Borges                    AB-2004-248

RESOLUCIÓN

San Juan, Puerto Rico, a 24 de marzo de 2006

El 22 de octubre de 2004, el señor Enrique Piñeiro presentó ante este Tribunal una queja contra los licenciados María Charbonier, Tomás Rivera Schatz y Aníbal Vega Borges. Alegó en la misma que los querellados, durante la pasada campaña electoral, le imputaron públicamente a él y a su esposa, la señora Claribel Rivera Jiménez ex agente del Negociado de Investigaciones Especiales, tener vínculos con el bajo mundo al cual le "vendían" información. El quejoso imputó que tales expresiones eran violatorias de los Cánones 5 y 29 de los Cánones de Ética Profesional. 4 L.P.R.A. Ap. IX C. 5 y 29. Oportunamente, referimos la queja al Procurador General para investigación e informe.

El Procurador General nos ha solicitado que autoricemos su inhibición en el caso de referencia. Esbozó para su solicitud tres fundamentos, a saber: Primero, que fue ante un oficial examinador de la Oficina del Procurador General que se condujo la vista administrativa relacionada con la destitución de la señora Rivera Jiménez. Segundo, que al presente hay pendientes en dicha Oficina dos procesos apelativos relacionados con dicha destitución. Tercero, que la queja instada se refiere a hechos

relacionados con el desempeño de ex funcionarios del Departamento de Justicia.

En virtud de lo anterior y para "evitar cualquier apariencia de parcialidad o impropiedad", el Procurador General solicitó "que el Tribunal Supremo atienda esta queja sin la intervención de esta Oficina." Adujo que "podría existir un potencial conflicto entre nuestra función como representante de los intereses del Estado . . . y nuestro deber de investigar a los querellados . . . ." El Procurador General intimó que podría configurarse una apariencia de "incompatibilidad de funciones" entre su rol como abogado postulante en los casos que se encuentran a nivel apelativo en su Oficina y sus funciones como funcionario investigativo de este Tribunal.

Por las razones que pasamos a discutir denegamos la petición del Procurador General.

II

La Oficina del Procurador General se creó en virtud de la Ley Núm. 7 de 15 de mayo de 1959, y está adscrita al Departamento de Justicia. Son dos las funciones principales de esta Oficina, por un lado, es la entidad gubernamental que representa al Estado Libre Asociado de Puerto Rico, sus agencias y funcionarios ante los tribunales apelativos de Puerto Rico y Estados Unidos.

De otra parte, la Oficina tiene la encomienda de llevar a cabo "las investigaciones que le solicite el Tribunal Supremo . . . con relación a quejas y procedimientos disciplinarios contra abogados y notarios." Ley Núm. 205 de 9 de agosto de 2004, Art. 62, 3 L.P.R.A. sec. 294n. Es decir, esta Oficina es el "brazo investigativo" de este Tribunal en casos de conducta profesional. Véase *In re Ortiz Álvarez*, res. 8 noviembre de 2004, 163 D.P.R. __, 2004 TSPR 189; *In re Álvarez Meléndez*, 129 D.P.R. 495, 498 (1991); *In re Pagán Ayala*, 115 D.P.R. 814, 816 (1984).

Ese rol investigativo es de tal importancia para este Tribunal, que no hemos vacilado en sancionar severamente al abogado que desatienda los requerimientos del Procurador General en los procesos disciplinarios. *In re Pagán Ayala, ante; In re Albizu Merced,* 136 D.P.R. 126, 134 (1994); *In re Ortiz Álvarez, ante.* Así, hemos dispuesto que hacer caso omiso de los requerimientos de dicha Oficina tiene un efecto disruptivo sobre nuestra función reguladora de la profesión por lo que debe ser sancionado. *In re Ortiz Álvarez, ante.*

El rol que desempeña la Oficina del Procurador General en este aspecto, es de vital importancia para que este Tribunal pueda descargar adecuadamente su facultad

inherente de reglamentar la profesión legal. Es por ello que se ha indicado:

> En [esta área], el Procurador General **goza de un margen de independencia de la Rama Ejecutiva de Gobierno.** Al descargar su responsabilidad como 'brazo investigativo', sólo puede actuar conforme el propio Tribunal Supremo le ordene, conforme disponen los Cánones de Ética, con total independencia y en abstracción de cualquier otra consideración. (Énfasis nuestro.)

Rodríguez, Abogando ante el Tribunal Supremo: Deberes y Obligaciones de la Oficina del Procurador General, 62 *Rev. Jur. U.P.R.* 87, 95-96 (1993). Es decir, el Procurador General se convierte, fundamentalmente, en un funcionario de este Tribunal en funciones investigativas.

No hay duda entonces que en esta esfera del quehacer de dicha Oficina, la encomienda del Procurador General es delicada y sensitiva. Para el efectivo descargue de esa labor, la Oficina destaca varios de los sobre treinta (30) abogados que componen dicha Oficina, para atender **exclusivamente los asuntos relacionados con la conducta profesional de abogados.** Rodríguez, *op cit.*, pág. 90. Como resultado de esta estructura interna administrativa, los Procuradores Generales Auxiliares que atienden los asuntos de conducta profesional no participan en otros asuntos que se tramitan en dicha Oficina. Es decir, de ordinario, el abogado que atiende casos de conducta profesional no se inmiscuye en los asuntos de naturaleza penal o civil que se tramitan en la Oficina y viceversa. *Loc. cit.* En ese sentido, la Oficina del Procurador General no opera como un grupo homogéneo de abogados que representan un mismo cliente --el Estado y sus funcionarios-- compartiendo información "confidencial" pertinente a la representación que asumen.

Este rol singular y esencial del Procurador General en los procesos disciplinarios nos lleva a concluir que las razones invocadas por el Procurador para inhibir su Oficina en la querella de epígrafe son insuficientes en derecho. No se configura incompatibilidad de funciones alguna como intima el Procurador, entre su rol como abogado apelativo del gobierno y sus funcionarios, y su rol como brazo investigativo de este Tribunal. Tanto la Ley Orgánica del Departamento de Justicia como los dictámenes de este Tribunal, reconocen ambos roles.

Como **oficial investigador del Tribunal** en los asuntos relacionados con la reglamentación de la práctica de la abogacía, el Procurador General responde a las directrices de este Tribunal con "independencia y en abstracción de cualquier otra consideración." Rodríguez, *op. cit.*, pág.

96.  En este campo, el Procurador General **no opera como un funcionario de la Rama Ejecutiva cuyos intereses debe adelantar.**

Por otro lado, y como ya apuntamos, la estructura organizativa de la Oficina, donde las responsabilidades de los Procuradores Generales Auxiliares están segregadas de ordinario por áreas de trabajo, sirve de mecanismo profiláctico para evitar cualquier asomo de "parcialidad o impropiedad." El Procurador General, puede además, si así lo estima necesario, tomar todas las medidas internas adicionales que correspondan, para aislar aun más las funciones de aquellos funcionarios de esa Oficina que tramiten los asuntos éticos del quehacer diario de la Oficina.

Acceder a la petición del Procurador General tendría serias repercusiones sobre la tramitación de los asuntos de conducta profesional que lleva a cabo este Tribunal.

Por ende, a la luz de lo anterior, no procede relevar a la Oficina del Procurador General del cumplimiento de su obligación como brazo investigador de este Tribunal en la tramitación de la querella de epígrafe.

Publíquese.

Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo.  El Juez Asociado señor Rivera Pérez no intervino.


                    Aida Ileana Oquendo Graulau
                    Secretaria del Tribunal Supremo