EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | 2014 TSPR 42 |
| | |
| Miguel A. Ponce Ponce | 190 DPR ____ |

Número del Caso: TS-7169

Fecha: 6 de marzo de 2014

Oficina de Inspección de Notarías:

     Lcdo. Manuel Ávila de Jesús
     Director

Materia: Conducta Profesional- La suspensión será efectiva el 19 de marzo de 2014 fecha en que se le notificó al abogado de su suspensión inmediata.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

| In re: | | Conducta Profesional |
|---|---|---|
| **MIGUEL A. PONCE PONCE** | Núm. <u>**TS-7169**</u> | AB-2012-0361 AB-2013-0156 |

*PER CURIAM*

En San Juan, Puerto Rico, a 6 de marzo de 2014.

Nuevamente nos vemos obligados a suspender a un miembro de la clase togada por desatender los requerimientos de este Tribunal y de los organismos encargados de investigar posibles violaciones éticas. Por los fundamentos que se exponen a continuación, ordenamos la suspensión inmediata e indefinida del Lcdo. Miguel A. Ponce Ponce (licenciado Ponce) del ejercicio de la abogacía y la notaría.

I

El licenciado Ponce fue admitido al ejercicio de la abogacía el 15 de mayo de 1981 y a la notaría el 1 de noviembre de 1984. Actualmente, tiene pendiente dos

procedimientos disciplinarios, los que consolidamos y resumimos a continuación.

**AB-2013-0156**

El 6 de diciembre de 2011 la Sra. Evelyn González presentó ante la Oficina de la Procuradora General (Procuradora) una queja contra el licenciado Ponce por alegada conducta profesional impropia. El 8 de diciembre de 2011 la Procuradora le envió copia de la referida queja al letrado junto con una comunicación en la cual se le concedió un término para que presentara su posición sobre la misma. Ante su incomparecencia, la Procuradora le envió una segunda y tercera comunicación al togado el 19 de diciembre de 2011 y el 3 de enero de 2012, respectivamente, mediante las cuales le hizo el mismo requerimiento. A pesar de estas comunicaciones, el licenciado Ponce nunca compareció.

Así las cosas, el 3 de abril de 2013 la Procuradora nos refirió el asunto mediante *Moción Informativa y en Solicitud de Orden.* Conjuntamente, presentó copia del acuse de recibo de la tercera comunicación enviada al letrado.

En atención a lo anterior, el 11 de junio de 2013 emitimos Resolución concediéndole al licenciado Ponce un término final de veinte (20) días, contados a partir de su notificación, para cumplir con la solicitud de la Procuradora. Además le ordenamos que, dentro de ese mismo

término, nos explicara las razones por las cuales no había atendido las comunicaciones de la Procuradora. De igual forma, le apercibimos que el incumplimiento con lo allí dispuesto podría conllevar sanciones disciplinarias severas, incluyendo la suspensión del ejercicio de la abogacía. Dicha Resolución le fue notificada personalmente al letrado el 13 de junio de 2013.

Posteriormente, mediante Resolución de 14 de octubre de 2013, le concedimos veinte (20) días a la Procuradora para que nos informara si el togado cumplió con los requerimientos de dicha Oficina, según ordenado en nuestra Resolución de 11 de junio de 2013. De conformidad con lo anterior, el 30 de octubre de 2013 la Procuradora presentó una segunda *Moción Informativa y en Solicitud de Orden*, en la que nos informó que el licenciado Ponce no había cumplido con lo ordenado.

**AB-2012-0361**

De otra parte, el 24 de septiembre de 2012 el Sr. Javier Rosa Acevedo presentó ante este Foro una queja contra el licenciado Ponce. Según se desprende del expediente, el 15 de octubre de 2012 la Secretaría de este Tribunal le envió al abogado copia de la referida queja por correo certificado y le solicitó que dentro de un término de diez (10) días, a partir del recibo de la comunicación, presentara sus comentarios y reacciones a la

misma.  A pesar de haber recibido dicha comunicación el 20 de octubre de 2012, el licenciado Ponce nunca compareció.

A raíz de lo anterior, mediante Resolución emitida el 14 de octubre de 2013 y notificada el 18 de octubre de 2013, le concedimos al letrado un término final de diez (10) días para que presentara su contestación a la mencionada queja.  Se le advirtió que de no cumplir con lo allí dispuesto, podía ser referido a la Oficina de la Directora de Inspección de Notarías (ODIN) sin el beneficio de su comparecencia.  Además, se le apercibió que su incumplimiento podría conllevar sanciones disciplinarias severas, incluyendo la suspensión de la profesión.  No obstante, al día de hoy, el licenciado Ponce no ha comparecido.

**Señalamientos de la ODIN**

Por último, mediante *Moción Informativa y en Solicitud de Remedios* presentada el 15 de noviembre de 2013, el Director de la ODIN trajo ante nuestra atención la indiferencia del letrado ante los señalamientos en torno a las deficiencias de su obra notarial.

Surge de la moción y de sus anejos que, entre el 23 de marzo de 2012 y el 23 de abril de 2013, la ODIN inspeccionó los protocolos de los años 2003 al 2012, así como los libros siete (7) al nueve (9) del Registro de Testimonios de la obra notarial del letrado.  En el curso de dicha inspección, se detectaron numerosas deficiencias,

las cuales fueron recogidas en el *Informe sobre el Estado de la Notaría del Lcdo. Miguel Ponce Ponce, Notario Número 7169* de 15 de mayo de 2013 preparado por la Inspectora de Protocolos (*Informe*). Entre las deficiencias señaladas se encuentran: foliaciones incompletas, protocolo sin encuadernar, notas de apertura y cierre incompletas, falta de sello y rúbrica en anejos, falta de advertencias especiales en escrituras y la omisión de cancelar los sellos de rentas internas correspondientes, el impuesto notarial y de la Sociedad para Asistencia Legal.

El 16 de mayo de 2013 el Director de la ODIN le cursó una comunicación al letrado con copia del *Informe* sometido por la Inspectora de Protocolos. La misma fue enviada por correo certificado con acuse de recibo a la dirección que surge del Registro Único de Abogados y Abogadas (RUA). No obstante, dicha comunicación fue devuelta por el correo al no haber sido reclamada, por lo cual se le envió una segunda notificación el 3 de octubre de 2013 por correo ordinario, correo certificado con acuse de recibo y correo electrónico. De éstas, la única devuelta fue la comunicación enviada por correo certificado.

En su escrito, el Director de la ODIN nos informa que, a pesar de las comunicaciones antes indicadas, la obra notarial del licenciado Ponce permanece sin corregir. Añade que el togado tampoco ha mostrado preocupación o interés en subsanar la misma. En vista de ello, nos solicita que le ordenemos al abogado subsanar las

deficiencias señaladas en el *Informe* y le impongamos una sanción económica de quinientos dólares ($500.00), a tenor con lo dispuesto en el Artículo 62 de la Ley Notarial de Puerto Rico, 4 L.P.R.A. sec. 2102 (2010).

**II**

En innumerables ocasiones hemos expresado que la abogacía requiere una escrupulosa atención y obediencia a las órdenes de este Tribunal. In re Cuevas Borrero, 185 D.P.R. 189 (2012); In re Rosario Martínez, 184 D.P.R. 494 (2012); In re Vellón Reyes, 181 D.P.R. 927 (2011). Esta obligación se agudiza cuando nuestras órdenes se dan en el contexto de un procedimiento disciplinario. In re Martínez Class, 184 D.P.R 1050 (2012); In re Rosario Martínez, *supra*. La naturaleza pública de la profesión de abogado le impone al togado la obligación de responder oportunamente a todo requerimiento relacionado con investigaciones disciplinarias, independientemente de los méritos de la queja presentada en su contra. In re Cuevas Borrero, *supra*; In re Ortiz Álvarez, 163 D.P.R. 245 (2004).

Cónsono con lo anterior, hemos resuelto que procede la suspensión inmediata del ejercicio de la abogacía cuando un abogado desatiende nuestras órdenes y requerimientos en el curso de un procedimiento disciplinario. In re Vega Pacheco, 2013 T.S.P.R. 72, 188 D.P.R. __ (2013); In re Arroyo Rivera, 182 D.P.R. 732 (2011); In re Cuevas

Borrero, *supra*.  Dicha conducta constituye un serio insulto a nuestra autoridad e infringe el Canon 9 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX (2012).  In re Vega Pacheco, *supra*; In re Fidalgo Córdova, 183 D.P.R. 217 (2011).

También hemos resuelto que la obligación de cumplir con las exigencias de los procedimientos disciplinarios se extiende a los requerimientos hechos por la Procuradora y la ODIN.  In re Miranda Gutiérrez, 2013 T.S.P.R. 71, 188 D.P.R. __ (2013); In re Rosario Martínez, *supra*.  La desatención de estos requerimientos tiene el mismo efecto disruptivo en nuestra función reguladora de la profesión que cuando se desatiende una orden directamente emitida por nosotros.  In re Ortiz Álvarez, *supra*; In re Miranda Gutiérrez, *supra*.  Por ello, el ignorar los requerimientos de la Procuradora y la ODIN constituye por sí mismo una falta ética que conlleva la imposición de sanciones disciplinarias severas.  Íd.

De otra parte, es bien sabido que un notario no puede cruzarse de brazos ante los señalamientos de la ODIN en torno a las deficiencias de su obra notarial.  La práctica de la notaría requiere el mayor celo en el cumplimiento de los deberes que le impone la ley y el ordenamiento ético. Hemos enfatizado en un sinnúmero de ocasiones que "los notarios tienen el deber, una vez se le señalan faltas en su obra notarial, de subsanarlas y concertar una próxima reunión con la ODIN para la reinspección de los

protocolos. De igual manera, hemos expresado que ningún notario puede asumir una actitud pasiva y descansar en que la ODIN lo contact[e] para verificar si se corrigen adecuadamente los señalamientos que se efectúen, máxime cuando la imagen de la profesión y la suya propia está en tela de juicio." In re Da Silva Arocho, 2013 T.S.P.R. 142, 189 D.P.R. __ (2013) (citando a In re Román Jiménez, 161 D.P.R. 727, 733 (2004) (comillas omitidas)).

## III

Como observamos, el licenciado Ponce ha incurrido en un patrón de conducta contraria a sus deberes como abogado y notario. Ha hecho caso omiso a los múltiples requerimientos de la Procuradora y del Director de la ODIN. De igual forma, ha ignorado nuestras órdenes y se ha mostrado indiferente ante nuestros apercibimientos.

En vista de lo anterior, se suspende inmediata e indefinidamente al Lcdo. Miguel A. Ponce Ponce de la práctica de la abogacía y la notaría. Además, se ordena el archivo administrativo de las quejas núms. AB-2013-0156 y AB-2012-0361 hasta tanto el letrado solicite la reinstalación al ejercicio de la abogacía.

El Alguacil de este Tribunal procederá a incautar la obra notarial del abogado, incluyendo su sello notarial, y lo entregará a la Oficina de Inspección de Notarías para el correspondiente examen e informe. El togado deberá subsanar, a su costa, las deficiencias de su obra notarial

inmediatamente. Se le advierte que no consideraremos solicitud de reinstalación alguna hasta que atienda todos los señalamientos de la ODIN y cumpla con nuestras resoluciones.

El licenciado Ponce deberá notificar a todos sus clientes de su inhabilidad para continuar representándolos y devolver tanto los expedientes de los casos pendientes, como los honorarios recibidos por trabajos no realizados. De igual forma, informará oportunamente de su suspensión a los foros judiciales y administrativos del país. Deberá acreditar y certificar ante este Tribunal el cumplimiento con lo aquí establecido dentro del término de treinta (30) días, a partir de la notificación de esta Opinión *Per Curiam* y su correspondiente Sentencia.

Se dictará Sentencia de conformidad.

## EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re:<br><br>**MIGUEL A. PONCE PONCE** | Núm. **TS-7169** | Conducta Profesional<br><br>AB-2012-0361<br>AB-2013-0156 |
|---|---|---|

SENTENCIA

En San Juan, Puerto Rico, a 6 de marzo de 2014.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte íntegra de la presente Sentencia, se suspende inmediata e indefinidamente al Lcdo. Miguel A. Ponce Ponce de la práctica de la abogacía y la notaría. Además, se ordena el archivo administrativo de las quejas núms. AB-2013-0156 y AB-2012-0361 hasta tanto el letrado solicite la reinstalación al ejercicio de la abogacía.

El Alguacil de este Tribunal procederá a incautar la obra notarial del abogado, incluyendo su sello notarial, y lo entregará a la Oficina de Inspección de Notarías para el correspondiente examen e informe. El togado deberá subsanar, a su costa, las deficiencias de su obra notarial inmediatamente. Se le advierte que no consideraremos solicitud de reinstalación alguna hasta que atienda todos los señalamientos de la ODIN y cumpla con nuestras resoluciones.

El licenciado Ponce deberá notificar a todos sus clientes de su inhabilidad para continuar representándolos y devolver tanto los expedientes de los casos pendientes, como los honorarios recibidos por trabajos no realizados. De igual forma, informará oportunamente de su suspensión a los foros judiciales y administrativos del país. Deberá acreditar y certificar ante este Tribunal el cumplimiento con lo aquí establecido dentro del término de treinta (30) días, a partir de la notificación de esta Opinión *Per Curiam* y su correspondiente Sentencia.

Así lo pronunció y manda el Tribunal y certifica la Secretaria del Tribunal Supremo.  La Juez Asociada señora Rodríguez Rodríguez no intervino.

Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo