per curiam:
Nuevamente nos vemos obligados a suspen-
der a un miembro de la clase togada por desatender los requerimientos de este Tribunal y de los organismos encar-gados de investigar posibles violaciones éticas. Por los fun-damentos que se exponen a continuación, ordenamos la suspensión inmediata e indefinida del Ledo. Miguel A. Ponce Ponce (licenciado Ponce) del ejercicio de la abogacía y la notaría.
I
El licenciado Ponce fue admitido al ejercicio de la abo-gacía el 15 de mayo de 1981 y a la notaría el 1 de noviem-bre de 1984. Actualmente, tiene pendiente dos procedi-mientos disciplinarios, que consolidamos y resumimos a continuación.

AB-2013-0156

El 6 de diciembre de 2011, la Sra. Evelyn González pre-sentó ante la Oficina de la Procuradora General (Procura- *506 dora) una queja contra el licenciado Ponce por alegada con-ducta profesional impropia. El 8 de diciembre de 2011, la Procuradora le envió copia de la queja al letrado junto con una comunicación en la cual se le concedió un término para que presentara su posición sobre esta. Ante su incompare-cencia, la Procuradora le envió una segunda y tercera co-municación al togado el 19 de diciembre de 2011 y el 3 de enero de 2012, respectivamente, mediante las cuales le hizo el mismo requerimiento. A pesar de estas comunica-ciones, el licenciado Ponce nunca compareció.
Así las cosas, el 3 de abril de 2013, la Procuradora nos refirió el asunto mediante Moción Informativa y en Solici-tud de Orden. Conjuntamente, presentó copia del recibo de la tercera comunicación enviada al letrado.
En atención a lo anterior, el 11 de junio de 2013 emiti-mos Resolución para concederle al licenciado Ponce un tér-mino final de veinte (20) días, contados a partir de su no-tificación, para cumplir con la solicitud de la Procuradora. Además le ordenamos que, en ese mismo término, nos ex-plicara las razones por las cuales no había atendido las comunicaciones de la Procuradora. De igual forma, le aper-cibimos que el incumplimiento con lo allí dispuesto podría conllevar sanciones disciplinarias severas, incluyendo la suspensión del ejercicio de la abogacía. Esa Resolución le fue notificada personalmente al letrado el 13 de junio de 2013.
Posteriormente, mediante Resolución de 14 de octubre de 2013, le concedimos veinte (20) días a la Procuradora para que nos informara si el togado cumplió con sus reque-rimientos, según ordenado en nuestra Resolución de 11 de junio de 2013. En conformidad con lo anterior, el 30 de octubre de 2013, la Procuradora presentó una segunda Mo-ción Informativa y en Solicitud de Orden, en la que nos informó que el licenciado Ponce no había cumplido con lo ordenado.

*507
AB-2012-0361

De otra parte, el 24 de septiembre de 2012, el Sr. Javier Rosa Acevedo presentó ante este Foro una queja contra el licenciado Ponce. Según se desprende del expediente, el 15 de octubre de 2012 la Secretaría de este Tribunal le envió al abogado copia de la referida queja por correo certificado y le solicitó que en un término de diez (10) días, a partir del recibo de la comunicación, presentara sus comentarios y reacciones a esta. A pesar de haber recibido esa comunica-ción el 20 de octubre de 2012, el licenciado Ponce nunca compareció.
A raíz de lo anterior, mediante Resolución emitida el 14 de octubre de 2013 y notificada el 18 de octubre de 2013, le concedimos al letrado un término final de diez (10) días para que presentara su contestación a la queja. Se le ad-virtió que de no cumplir con lo allí dispuesto, podía ser referido a la Oficina de la Directora de Inspección de No-tarías (ODIN) sin el beneficio de su comparecencia. Ade-más, se le apercibió que su incumplimiento podría conlle-var sanciones disciplinarias severas, incluyendo la suspensión de la profesión. No obstante, aún hoy, el licen-ciado Ponce no ha comparecido.

Señalamientos de ODIN

Por último, mediante Moción Informativa y en Solicitud de Remedios, presentada el 15 de noviembre de 2013, el Director de ODIN trajo ante nuestra atención la indiferen-cia del letrado ante los señalamientos en torno a las defi-ciencias de su obra notarial.
Surge de la moción y de sus anejos que, entre el 23 de marzo de 2012 y el 23 de abril de 2013, ODIN inspeccionó los Protocolos del 2003 al 2012, así como los libros siete al nueve del Registro de Testimonios de la obra notarial del letrado. En el curso de la inspección se detectaron nume-rosas deficiencias, las cuales fueron recogidas en el In-forme sobre el Estado de la Notaría del Ledo. Miguel Ponce Ponce, Notario Núm. 7169 de 15 de mayo de 2013 prepa- *508 rado por la Inspectora de Protocolos {Informe). Entre las deficiencias señaladas se encuentran: foliaciones incomple-tas, Protocolo sin encuadernar, notas de apertura y cierre incompletas, falta de sello y rúbrica en anejos, falta de ad-vertencias especiales en escrituras y la omisión de cancelar los sellos de rentas internas correspondientes, el impuesto notarial y de la Sociedad para Asistencia Legal.
El 16 de mayo de 2013, el Director de ODIN le cursó una comunicación al letrado con copia del Informe sometido por la Inspectora de Protocolos. Esta fue enviada por correo certificado con acuse a la dirección que surge del Registro Único de Abogados y Abogadas (RUA). No obstante, la co-municación fue devuelta por el correo al no haber sido re-clamada, por lo cual se le envió una segunda notificación el 3 de octubre de 2013 por correo ordinario, correo certifi-cado con acuse y correo electrónico. De estas, la única de-vuelta fue la comunicación enviada por correo certificado.
En su escrito, el Director de ODIN nos informa que, a pesar de las comunicaciones indicadas, la obra notarial del licenciado Ponce permanece sin corregir. Añade que el to-gado tampoco ha mostrado preocupación o interés en subsanarla. En vista de ello, nos solicita que le ordenemos al abogado subsanar las deficiencias señaladas en el In-forme y le impongamos una sanción económica de $500, según lo dispuesto en el Art. 62 de la Ley Notarial de Puerto Rico, 4 LPRA see. 2102.
II
En innumerables ocasiones hemos expresado que la abogacía requiere una escrupulosa atención y obediencia a las órdenes de este Tribunal. In re Cuevas Borrero, 185 DPR 189 (2012); In re Rosario Martínez, 184 DPR 494 (2012); In re Vellón Reyes, 181 DPR 927 (2011). Esta obligación se agudiza cuando nuestras órdenes se dan en el contexto de un procedimiento disciplinario. In re Martínez Class, 184 DPR 1050 (2012); In re Rosario Martínez, supra. *509 La naturaleza pública de la profesión de abogado le impone al togado responder oportunamente a todo requerimiento relacionado con investigaciones disciplinarias, independientemente de los méritos de la queja presentada en su contra. In re Ortiz Álvarez, 163 DPR 245 (2004); In re Cuevas Barrero, supra.
Cónsono con lo anterior, hemos resuelto que procede la suspensión inmediata del ejercicio de la abogacía cuando un abogado desatiende nuestras órdenes y requerimientos en el curso de un procedimiento disciplinario. In re Vega Pacheco, 188 DPR 731 (2013); In re Arroyo Rivera, 182 DPR 732 (2011); In re Cuevas Borrero, supra. Esa conducta constituye un serio insulto a nuestra autoridad e infringe el Canon 9 del Código de Ética Profesional, 4 LPRA Ap. IX. In re Vega Pacheco, supra; In re Fidalgo Córdova, 183 DPR 217 (2011).
También hemos resuelto que la obligación de cumplir con las exigencias de los procedimientos disciplinarios se extiende a los requerimientos hechos por la Procuradora y la ODIN. In re Miranda Gutiérrez, 188 DPR 745 (2013); In re Rosario Martínez, supra. La desatención de estos requerimientos tiene el mismo efecto disruptivo en nuestra función reguladora de la profesión que cuando se desatiende una orden directamente emitida por nosotros. In re Ortiz Alvarez, supra; In re Miranda Gutiérrez, supra. Por ello, ignorar los requerimientos de la Procuradora y la ODIN constituye por sí mismo una falta ética que conlleva la imposición de sanciones disciplinarias severas. íd.
De otra parte, es bien sabido que un notario no puede cruzarse de brazos ante los señalamientos de la ODIN en torno a las deficiencias de su obra notarial. La práctica de la notaría requiere el mayor celo en el cumplimiento de los deberes que le impone la ley y el ordenamiento ético. Hemos enfatizado en un sinnúmero de ocasiones que
*510 [...] los notarios tienen el deber, una vez se le señalan faltas en su obra notarial, de subsanarlas y concertar una próxima reunión con ODIN para la reinspección de los Protocolos. [...] De igual manera, hemos expresado que “[ñfingún notario puede asumir una actitud pasiva y descansar en que la ODIN lo contact[e] para verificar si se corrigen adecuadamente los señalamientos que [se] efectúe [n], máxime cuando la imagen de la profesión y la suya propia está en tela de juicio”. (Corchetes en el original). In re Da Silva Arocho, 189 DPR 888, 892 (2013), citando a In re Román Jiménez, 161 DPR 727, 733 (2004).
III
Como observamos, el licenciado Ponce ha incurrido en un patrón de conducta contraria a sus deberes como abo-gado y notario. Ha hecho caso omiso a los múltiples reque-rimientos de la Procuradora y del Director de ODIN. De igual forma, ha ignorado nuestras órdenes y se ha mos-trado indiferente ante nuestros apercibimientos.
En vista de lo anterior, se suspende inmediata e indefi-nidamente al Ledo. Miguel A. Ponce Ponce de la práctica de la abogacía y la notaría. Además, se ordena el archivo ad-ministrativo de las quejas Núms. AB-2013-0156 y AB-2012-0361 hasta tanto el letrado solicite la reinstalación al ejercicio de la abogacía.
El Alguacil de este Tribunal procederá a incautar la obra notarial del abogado, incluyendo su sello notarial, y los entregará a la Oficina de Inspección de Notarías para el correspondiente examen e informe. El togado deberá sub-sanar inmediatamente, a su costa, las deficiencias de su obra notarial. Se le advierte que no consideraremos solici-tud de reinstalación alguna hasta que atienda todos los señalamientos de ODIN y cumpla con nuestras resolu-ciones.
El licenciado Ponce deberá notificar a todos sus clientes de su inhabilidad para continuar representándolos y devol- *511 ver tanto los expedientes de los casos pendientes, como los honorarios recibidos por trabajos no realizados. De igual forma, informará oportunamente de su suspensión a los foros judiciales y administrativos del país. Deberá acredi-tar y certificar ante este Tribunal el cumplimiento con lo aquí establecido en el término de treinta (30) días, a partir de la notificación de esta opinión per curiam y su corres-pondiente sentencia.

Se dictará Sentencia de conformidad.

La Juez Asociada Señora Rodríguez Rodríguez no intervino.