EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | 2025 TSPR 117 |
| | |
| Jeffrey Lewis Raizner | 216 DPR ___ |
| Abogados de O'Neill & Borges, LLC | |

Número del Caso:  AB-2021-0100


Fecha:  13 de noviembre de 2025


Oficina del Procurador General:

     Hon. Omar Andino Figueroa
     Procurador General

     Lcda. Mabel Sotomayor Hernández
     Subprocuradora General

     Lcda. Yaizamarie Lugo Fontánez
     Procuradora General Auxiliar


Representante legal de la parte promovida:

     Lcdo. Guillermo Figueroa Prieto


Representante legal de la parte promovente:

     Lcdo. Nelson N. Córdova Morales


Materia:  Resolución del Tribunal con Voto particular de conformidad y Voto particular disidente.


Este documento está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal Supremo. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

|  |  |  |
|---|---|---|
| *In re*:<br><br>Jeffrey Lewis Raizner<br>Abogados de O'Neill & Borges,<br>LLC | AB-2021-0100 |  |

RESOLUCIÓN

En San Juan, Puerto Rico, a 13 de noviembre de 2025.

Examinado el *Informe de la Oficina del Procurador General de Puerto Rico* y demás escritos presentados por las partes, se ordena el archivo de la presente Queja.

Lo acordó el Tribunal y lo certifica el Secretario del Tribunal Supremo.

El Juez Asociado señor Martínez Torres emitió un Voto particular de conformidad al cual se une la Jueza Presidenta Oronoz Rodríguez, los Jueces Asociados señores Kolthoff Caraballo y Feliberti Cintrón y la Jueza Asociada Rivera Pérez. La Jueza Asociada señora Pabón Charneco emitió un Voto particular disidente al cual se une el Juez Asociado señor Candelario López. Los Jueces Asociados señores Estrella Martínez y Colón Pérez no intervinieron.

Javier O. Sepúlveda Rodríguez
Secretario del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Jeffrey Lewis Raizner
Abogados de O'neill &
Borges, LLC

AB-2021-0100

Voto particular de conformidad emitido por el Juez Asociado señor MARTÍNEZ TORRES, al cual se unieron la Jueza Presidenta ORONOZ RODRÍGUEZ, el Juez Asociado señor KOLTHOFF CARABALLO, el Juez Asociado señor FELIBERTI CINTRÓN y la Jueza Asociada RIVERA PÉREZ.

En San Juan, Puerto Rico, a 13 de noviembre de 2025.

Estoy conforme con el archivo de la queja. A mi juicio esta Curia ya había anticipado un asunto de esta naturaleza hace una década, cuando en el año 2015 enmendamos tanto la Regla 12(f) del Reglamento del Tribunal Supremo, 4 LPRA Ap. XXI-B R. 12(f), como el Canon 33 del Código de Ética Profesional, 4 LPRA Ap. IX C. 33. Estas reformas respondieron precisamente a la necesidad de atemperar el marco ético y reglamentario puertorriqueño a las realidades contemporáneas, marcadas por la creciente integración profesional y movilidad interjurisdiccional. Véase, In re: Enmda. R. 12(F) Reglamento TS, 193 DPR 321, 332 (2015) (Martínez Torres, voto particular de conformidad).

En ese contexto, incorporamos al Canon 33 de Ética Profesional, *supra*, elementos sustantivos de la Regla 5.5 de las Reglas Modelo de Conducta Profesional de la *American Bar Association* (ABA). Producto de ello, reconocimos modalidades legítimas de práctica colaborativa entre abogados admitidos en Puerto Rico y abogados provenientes de otras jurisdicciones de Estados Unidos, bajo condiciones que preservaran el poder inherente de este Tribunal y el interés público. En consonancia, también enmendamos la Regla 12(f) del Reglamento del Tribunal Supremo, *supra*, para modernizar el procedimiento de admisión por cortesía o *pro hac vice* y delimitar su alcance operativo. Al hacerlo, el Tribunal estableció una distinción normativa esencial: la comparecencia formal ante un foro local requiere admisión por cortesía, mientras que la colaboración o consultoría profesional que se ejerce conforme a los parámetros del Canon 33 de Ética Profesional, *supra*, no requiere de autorización *pro hac vice*.

En el contexto de este caso, considero que la intervención del abogado Raizner, limitada a funciones de consultoría, apoyo técnico y coordinación jurídica con el bufete O'Neill & Borges, LLC, sin comparecer ante foros ni suscribir escritos procesales, no activa el requisito de admisión por cortesía. Su actuación se enmarca en la colaboración interjurisdiccional reconocida por el Canon 33, *supra*, y la Regla 12(f), *supra*. Por ello, coincido con la determinación mayoritaria de ordenar el archivo de la queja.

I

El asunto ante nos surgió a raíz de una queja presentada contra el Sr. Jeffrey Lewis Raizner, abogado admitido en Texas, Missouri y Arizona, quien colaboró con el Bufete O'Neill & Borges, LLC en aproximadamente setenta y ocho (78) casos.

Del expediente disciplinario y del Informe presentado por la Oficina del Procurador General (OPG), se desprende que el señor Raizner asesoró en aproximadamente setenta y ocho (78) casos en los que el bufete O'Neill & Borges, LLC representaba a distintas partes ante los tribunales locales. Según la OPG, durante el curso de dichas representaciones, el abogado intercambió comunicaciones electrónicas, participó en llamadas y reuniones internas con el equipo legal, y tuvo acceso a algunos expedientes y documentos relacionados con los litigios.

La OPG observó que el señor Raizner no presentó solicitud de admisión por cortesía ante este Tribunal conforme a la Regla 12(f) del Reglamento del Tribunal Supremo, supra. Sin embargo, no surge del expediente que el abogado haya comparecido personalmente ante algún foro judicial o administrativo en Puerto Rico sin la admisión por cortesía. Donde lo hizo, solicitó y obtuvo admisión.

Por su parte, el bufete O'Neill & Borges, LLC confirmó la existencia de una relación profesional de colaboración con el abogado Raizner y su firma Raizner Lee PLLC, mediante la cual este ofrecía apoyo jurídico y estratégico en casos,

principalmente vinculados con reclamaciones de seguros y daños derivados del Huracán María. El bufete indicó que la participación del señor Raizner se limitaba a labores de análisis y coordinación legal, realizadas en conjunto con abogados admitidos a la práctica en Puerto Rico.

## II

Tras las enmiendas de 2015, el Canon 33 del Código de Ética Profesional, supra, amplió la noción de práctica autorizada para permitir la colaboración entre abogados admitidos y no admitidos bajo parámetros claros de supervisión. In re Enmda. C. 33 Cód. Ética Prof., 193 DPR 337 (2015).

De esa forma, el Canon 33, supra, reconoce que, como regla general las personas que no estén admitidas al ejercicio de la abogacía en Puerto Rico no pueden establecer una oficina ni tener presencia continua y sistemática en el foro local. Tampoco pueden crear la apariencia de que están autorizadas a ejercer en Puerto Rico. Íd. Sin embargo, por vía de excepción se dispuso que:

> (c) Cualquier persona admitida a ejercer la abogacía en una jurisdicción de los Estados Unidos, y que no esté suspendida o separada de la práctica, podrá proveer servicios legales en Puerto Rico siempre que:
>
> **(1) sus servicios se ofrezcan en asociación con una persona admitida a la práctica de la abogacía en Puerto Rico y dicha persona participa activamente en el asunto;**
>
> (2) sus servicios estén relacionados razonablemente con un procedimiento pendiente o potencial ante un tribunal o foro administrativo en Puerto Rico o una

jurisdicción de Estados Unidos, si la persona o la persona con la que colabora en Puerto Rico está autorizada por ley u orden judicial a comparecer en ese procedimiento o razonablemente espera que se le concederá una admisión por cortesía;

(3) sus servicios estén relacionados razonablemente con un arbitraje, mediación u otro método alterno para solución de disputas pendiente o próximo a comenzar en Puerto Rico o en Estados Unidos, si la persona o la persona con la que colabora en Puerto Rico está autorizada por ley u orden judicial a comparecer en el procedimiento o razonablemente espera que se le concederá una admisión por cortesía; o

(4) si sus servicios no están comprendidos en los párrafos (c)(2) o (3) pero están relacionados razonablemente a su práctica en una jurisdicción de Estados Unidos en la que está admitida a ejercer. (Negrillas suplidas). Íd.

El texto citado se inspiró en la Regla Modelo 5.5 de la ABA que, a su vez, establece los parámetros para que un abogado ejerza fuera de la jurisdicción donde está admitido sin incurrir en práctica no autorizada. Por lo tanto, tomando como referente el modelo de la ABA, "el apartado (c)(1) reconoce que los intereses de los clientes y del público están protegidos si un abogado admitido únicamente en otra jurisdicción se asocia con un abogado con licencia para ejercer en esta jurisdicción. Sin embargo, para que este apartado sea aplicable, el abogado admitido para ejercer en esta jurisdicción debe participar activamente y compartir la responsabilidad de la representación del cliente". (Traducción suplida). Comentario [8], ABA Model Rule 5.5.

Asimismo, el comentario [6] de la Regla Modelo 5.5 deja claro que un abogado admitido en otra jurisdicción estadounidense podría prestar servicios recurrentes o por un período extenso y aun así ser considerado temporal siempre que se trate de un mismo asunto. Íd. Finalmente, el comentario [19] dispone que "[e]l abogado que ejerce la abogacía en esta jurisdicción de conformidad con los párrafos (c) o (d) o de otro modo, está sujeto a la autoridad disciplinaria de esta jurisdicción". (Traducción suplida). Comentario [19], ABA Model Rule 5.5.

Ahora bien, es importante distinguir entre el Canon 33 de Ética Profesional, supra, y la Regla 12(f) del Reglamento del Tribunal Supremo, supra. La Regla 12(f) se circunscribe al ámbito procesal, pues regula la autorización para postular ante los tribunales o foros administrativos de Puerto Rico. En particular, la Regla 12(f) establece que un abogado admitido en alguna jurisdicción estadounidense "podrá solicitar que este Tribunal le admita por cortesía y le autorice a **postular** como abogado o abogada en Puerto Rico en casos especiales **ante los tribunales, agencias administrativas y procedimientos sobre métodos alternos de resolución de disputas**, incluyendo los procesos de arbitraje". (Negrillas suplidas). Regla 12(f) del Reglamento del Tribunal Supremo, supra. No obstante, la aludida regla también dispone de forma clara que no será necesario solicitar admisión por cortesía cuando el abogado no admitido en Puerto Rico únicamente "consulte con una persona admitida al

ejercicio de la abogacía en Puerto Rico con relación a procedimientos pendientes o potenciales en los que un o una cliente de este último es parte". Regla 12(f)(5)(b) del Reglamento del Tribunal Supremo, <u>supra</u>.

Esta norma reafirma el poder inherente del Tribunal Supremo sobre quienes litigan o comparecen en procedimientos judiciales y extrajudiciales. A su vez, opera en armonía con el Canon 33, <u>supra</u>, al reconocer que no toda participación de un abogado no admitido a la práctica en nuestra jurisdicción equivale a comparecencia ante el foro. La norma es clara: el mecanismo de admisión por cortesía está diseñado para quienes pretendan postular ante algún foro judicial o extrajudicial en Puerto Rico. El alcance de la Regla 12(f) se limita, por tanto, a las actuaciones procesales formales. Las actividades de carácter preparatorio, consultivo o estratégico, siempre que se realicen bajo la dirección y supervisión de un abogado admitido en Puerto Rico, no constituyen comparecencia ante el foro ni requieren admisión por cortesía. Esa es la situación del señor Raizner.

III

Por lo anterior, reafirmo que la Regla 12(f) de nuestro Reglamento y el Canon 33, <u>supra</u>, interpretados en armonía, establecen una línea divisoria clara. El abogado que comparece debe solicitar admisión por cortesía; el que no comparece y colabora bajo supervisión local no la necesita. Esta interpretación es fiel a la letra y a la intención de este Tribunal. A su vez, protege la integridad

del foro y preserva la flexibilidad necesaria para una práctica legal moderna y colaborativa.

Así pues, entiendo que las actuaciones del señor Raizner no activaron el requisito de admisión por cortesía. Según surge del expediente, su intervención con el bufete O'Neill & Borges, LLC se limitó a labores de asesoría y apoyo técnico, canalizadas bajo la dirección y supervisión de abogados admitidos en Puerto Rico. No se alega ni se desprende que haya comparecido ante foro alguno sin autorización o que haya suscrito escritos o asumido representación de las partes. Estas circunstancias, en mi criterio, se enmarcan en la colaboración multijurisdiccional válida reconocida por nuestro ordenamiento desde las enmiendas de 2015. Por ello, coincido con la decisión de archivar la queja.

Rafael L. Martínez Torres
Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| *In re*:<br><br>Jeffrey Lewis Raizner<br>Abogados de O'Neill & Borges,<br>LLC | AB-2021-0100 |

Voto particular disidente emitido por la Jueza Asociada señora Pabón Charneco al cual se une el Juez Asociado señor Candelario López.

En San Juan, Puerto Rico a 13 de noviembre de 2025.

En esta instancia teníamos el deber de examinar la conducta del Sr. Jeffrey Lewis Raizner (señor Raizner) de **participar activamente en setenta y ocho (78) casos** con el Bufete O'neill & Borges, LLC, sin solicitar ante este Tribunal las respectivas admisiones por cortesía.[1] En ese sentido, nos correspondía adjudicar si el señor Raizner: (1) violó el Canon 33 del Código de Ética Profesional, 4 LPRA Ap. IX, y (2) si incumplió con las disposiciones de la Regla 12(f) del Reglamento del Tribunal Supremo, 4 LPRA Ap. XXI-B.

**I**

El presente caso se originó con un recurso de certificación intrajurisdisccional presentado por el Consejo

---

[1] El Sr. Jeffrey Lewis Raizner es un abogado admitido a ejercer la práctica legal en las jurisdicciones de Texas, Missouri y Arizona.

de Titulares del Condominio San Patricio II contra MAPFRE PRAICO Insurance Co. relacionado al Caso Núm. BY2019CV05120.[2] Posteriormente, este Tribunal emitió una Resolución en el Caso Núm. CT-2020-0023 mediante la cual se refirió el asunto a la Oficina del Procurador General de Puerto Rico (OPG) para su investigación e informe, conforme a la Regla 14 del Reglamento del Tribunal Supremo, 4 LPRA Ap. XXI-B.

Por su parte, el 10 de abril de 2025 la OPG, en el descargo de su responsabilidad como brazo investigativo,[3] presentó un Informe en el que concluyó que el señor Raizner no cumplió con la Regla 12(f) del Reglamento del Tribunal Supremo, *supra*, e infringió el Canon 33(b)(1) y (2) del Código de Ética Profesional, *supra*. Señaló que no existe controversia de que, el señor Raizner participó activamente en la representación legal de los clientes envueltos. Sostuvo que este tenía acceso a los expedientes y a la evidencia de los casos, intercambiaba correos electrónicos, participaba en llamadas telefónicas y acudía presencialmente a reuniones relacionadas con los litigios. **Así, la OPG consideró que el señor Raizner estableció una presencia continua y sistemática y aparentó que podía ejercer la abogacía en Puerto Rico.**

---

[2] En el referido caso, el Consejo de Titulares del Condominio San Patricio II demandó a MAPFRE PRAICO Insurance Co. en daños y perjuicios, incumplimiento de contrato y violaciones al Código de Seguros por reclamaciones a raíz del Huracán María.

[3] *In re Charbonier Laureano*, 167 DPR 389, 393 (2006).

A los fines de ampliar la investigación y así estar en posición de emitir una recomendación final y específica sobre el asunto, la OPG recomendó que determináramos si procedía ordenar que se proveyeran los Acuerdos de Colaboración suscritos entre Raizner Lee PLLC y el Bufete O'neill & Borges, LLC. Ello, debido a que el señor Raizner y el Bufete O'neill & Borges, LLC objetaron someter los acuerdos ante la OPG.

## II

Ante las alegaciones de que el señor Raizner **se anunciaba en su página web como proveedor de servicios legales en Puerto Rico, mantenía un espacio de oficina en las instalaciones del Bufete O'Neill & Borges, LLC, y recibía una compensación en honorarios mayor a la de los abogados quienes litigaban los casos ante el foro judicial, hubiese ordenado la ampliación de la investigación y la entrega de los Acuerdos de Colaboración suscritos entre O'neill & Borges, LLC y Raizner Lee PLLC**. De esa forma, estaríamos en posición de determinar, con mayor claridad, si la participación del señor Raizner en los **setenta y ocho (78) casos** en que intervino **constituyó una presencia continua y sistemática en nuestra jurisdicción**, máxime cuando nos encontramos ante un caso en el que la OPG concluyó que el señor Raizner infringió el Canon 33(b)(1)(2) del Código de Ética Profesional, *supra*. A mi juicio, tal determinación ameritaba que este Tribunal evaluara con detenimiento la

conveniencia de indagar con mayor profundidad en las particularidades aquí presentes.

Hace una década, este Tribunal enmendó el Canon 33 del Código de Ética Profesional, *supra*, y la Regla 12(f) del Reglamento del Tribunal Supremo, *supra*.[4] En aquella ocasión, al aprobar la enmienda al Canon 33, expresamos que el propósito de tal modificación era ajustarlo a los nuevos desarrollos en la práctica de la profesión legal.[5] Además, destacamos que el Canon 33 incorporaba, en gran medida, la Regla 5.5 de las Reglas Modelo de Conducta Profesional de la *American Bar Association* (ABA), lo que representaba un adelanto en el proceso de atemperar nuestro ordenamiento en materia de ética profesional a las exigencias de nuestra sociedad.[6] Sin embargo, a la luz de los planteamientos en este caso, **resultaba necesario examinar si la interpretación que los promovidos pretenden sostener guarda coherencia con el espíritu y los límites que inspiraron dichas enmiendas.** De igual modo, conviene considerar si el curso de acción adoptado por la Mayoría de este Tribunal responde a los principios que guiaron la adopción de estas.

Por otro lado, resultaba pertinente ponderar la interpretación que sostienen los promovidos a la luz de las preocupaciones que se han planteado en la comunidad jurídica

---

[4] *Véase In re Enmda. C. 33 Cód. Ética Prof.*, 193 DPR 337 (2015); *In re Enmda. R. 12(F) Reglamento TS*, 193 DPR 321 (2015).

[5] Íd.

[6] Íd., págs. 339-340 (Voto particular de conformidad emitido por el Juez Asociado señor Martínez Torres al que se unió el Juez Asociado señor Feliberti Cintrón).

sobre el alcance del Canon 33(c) del Código de Ética Profesional, *supra*. En esa línea, el Prof. Guillermo Figueroa Prieto ha advertido que la redacción del referido Canon, en particular su inciso (c), **omite el carácter temporal presente en la Regla Modelo 5.5(c) de la American Bar Association, lo que convierte en innecesaria la Regla 12 (f) sobre admisión por cortesía.**[7] Así, el profesor alega que, a diferencia del modelo estadounidense que limita la práctica multijurisdiccional a servicios de carácter temporal, nuestro Canon 33(c) otorga "carta blanca" a abogados no admitidos en Puerto Rico para ejercer, so color de colaboración, junto a abogados autorizados a ejercer la abogacía.[8] Este "total contrasentido", según lo denomina el destacado autor en materia de ética, confirma la necesidad de examinar con rigor los límites de la colaboración autorizada, a fin de asegurar que el referido Canon no sea interpretado de modo que permita, en forma alguna, su utilización como subterfugio para eludir la exigencia de la admisión *pro hac vice*.[9]

Si bien el proceder de una Mayoría de este Tribunal entiende que las actuaciones del señor Raizner no activan el

---

[7] G. Figuera Prieto, *Ética y conducta profesional,* 85 Rev. Jur. UPR 365, 409 (2016).

[8] Íd.

[9] Cabe destacar que el nuevo cuerpo disciplinario, aprobado el 17 de junio de 2025, indica que la premisa básica de la Regla 5.5. Práctica No Autorizada de la Abogacía; Práctica Multijurisdiccional se refiere a servicios legales temporales, al disponer que se permitiría el servicio **temporal** del abogado estadounidense no admitido en Puerto Rico en cualquiera de las circunstancias que identifica el inciso (c) de la referida regla. Véase, *In re* Aprobación de Reglas de Conducta Profesional de Puerto Rico, ER-2025-02, 2025 TSPR 64, 216 DPR __ (2025).

requisito de admisión por cortesía, estimo que las circunstancias particulares de este caso ameritaban un análisis más profundo. A pesar de que el señor Raizner no compareció formalmente ante el foro judicial o extrajudicial, la OPG concluyó que su intervención en aproximadamente setenta y ocho (78) casos excedió los contornos de una colaboración de apoyo técnico. Según consignó en el Informe, la cantidad de clientes y casos en los que el señor Raizner participaba activamente y el que anunciara en su página web que ofrecía servicios de consultoría a clientes de Puerto Rico afectados por los Huracanes Irma y María e incluyera un teléfono y dirección de Puerto Rico, sin aclarar que no estaba admitido al ejercicio de la abogacía ante este Tribunal, evidencian que estableció una presencia continua y sistemática. Asimismo, la OPG consideró que con esas actuaciones el señor Raizner aparentó estar autorizado a ejercer la abogacía en esta jurisdicción. En cuanto a ello, cabe destacar que aun cuando los comentarios [5] y [6] de la Regla Modelo 5.5 ilustran que los servicios que brinde un abogado admitido en otra jurisdicción estadounidense podrían considerarse temporales si se prestan de forma recurrente o prolongada, estos aclaran que la Regla 5.5 no autoriza a un abogado estadounidense a establecer una oficina u otra presencia sistemática y

continua en la jurisdicción sin estar admitido para ejercer de manera general en ella.[10]

A la luz de lo anterior, lo procedente hubiese sido ordenar a la OPG a que ampliara la investigación, de manera que se pudiera esclarecer la naturaleza de la participación del señor Raizner. Un análisis cabal de los hechos y de la documentación solicitada por la OPG permitiría determinar si, en efecto, la situación ante nos se enmarcaba dentro de los parámetros deontológicos.

## III

Por los fundamentos antes expuestos, respetuosamente **disiento** del proceder mayoritario de ordenar el archivo de **esta queja, sin más.**

Mildred G. Pabón Charneco
Jueza Asociada

---

[10] *Model Rules of Prof'l Conduct* r. 5.5 cmt. [5], [6] (Am. Bar. Ass'n Apr. 17, 2019).